**Hershel Willard HILL**

v.

**WILSON SPORTING GOODS CO., et al.**

Supreme Court of Tennessee,
Special Workers' Compensation
Appeals Panel.

July 25, 2002 Session.

Dec. 9, 2002.

Russell D. Hedges, Moore & Hedges, Tullahoma, Tennessee, for the appellant, Hershel Willard Hill.

Edward A. Hadley, Gideon & Wiseman, Nashville, Tennessee, for the appellees, Wilson Sporting Goods Company and Kemper Insurance Company.

### ORDER

PER CURIAM.

It appears to the Court that the Judgment was filed in this matter on December 9, 2002, in which the Panel's findings of fact and conclusions of law were adopted and affirmed and the decision of the Panel made the judgment of the Court. The Court directs the publication of the opinion of the Special Worker's Compensation Ap-

peals Panel at Nashville, July 25, 2002 Session.

IT IS SO ORDERED.

JOE C. LOSER, JR., Sp. J., delivered the opinion of the court, in which JANICE M. HOLDER, J., and JAMES L. WEATHERFORD, SR., J., joined.

## MEMORANDUM OPINION

This workers' compensation appeal has been referred to the Special Workers' Compensation Appeals Panel in accordance with Tenn.Code Ann. § 50–6–225(e)(3) (2002 Supp.) for hearing and reporting of findings of fact and conclusions of law. The trial court ruled as a matter of law that the employee's request for reconsideration under Tenn.Code Ann. § 50–6–241(a)(2) (2001 Supp.) was barred because (1) his initial award was below the two and one-half times multiplier cap and (2) his employment was not terminated. The employee contends that the trial court erred on both grounds. As discussed below, the panel has concluded that § 50–6–241(a)(2) requires neither a capping at two and one-half times the initial award nor a termination.

Pursuant to Tenn.Code Ann. § 50–6–241(a)(2), the employee or claimant, Hershel Hill, initiated this civil action for reconsideration of a previous award of permanent partial disability benefits for injuries suffered in a work-related accident on April 23, 1997. After a hearing, the trial court disallowed reconsideration because (1) the previous award was less than two and one-half times the highest impairment rating and (2) the claimant had not been discharged by the employer. The claimant has appealed.

Appellate review is de novo upon the record of the trial court, accompanied by a presumption of correctness of the findings of fact, unless the preponderance of the evidence is otherwise. Tenn.Code Ann. § 50–6–225(e)(2) (2001 Supp.). Conclusions of law are subject to de novo review on appeal without any presumption of correctness. *Nutt v. Champion Intern. Corp.*, 980 S.W.2d 365, 367 (Tenn.1998). Issues of statutory construction are solely questions of law. *Bryant v. Genco Stamping & Mfg. Co.*, 33 S.W.3d 761, 765 (Tenn. 2000). Workers' compensation laws must be construed so as to ensure that injured employees are justly and appropriately reimbursed for debilitating injuries suffered in the course of service to the employer. *Story v. Legion Ins. Co.*, 3 S.W.3d 450, 454 (Tenn.1999).

Mr. Hill worked for the employer, Wilson Sporting Goods, for more than thirty years until his retirement in 1999. On April 23, 1997, he had a collision with an electric cart at work. The resulting back injury was initially treated by Dr. Richard A. Bagby and Dr. Robert M. Dimick. Both physicians assigned a zero permanent impairment rating for the claimant's injury. A third physician, Dr. Richard Fishbein, evaluated the claimant and assigned a permanent impairment rating of five percent to the whole person.

On May 5, 1997, the claimant returned to his job at Wilson at a wage equal to or greater than his wage before the injury. Accordingly, by Tenn.Code Ann. § 50–6–241(a), his potential permanent disability award was limited to two and one-half times his medical impairment rating. On October 23, 1998, the trial court awarded benefits based on 7.5 percent permanent partial disability to the body as a whole, or one and one-half times the impairment rating assigned by Dr. Fishbein.

In the year that followed, the claimant continued to work at Wilson while suffering from back pain. His last day at work was October 26, 1999, after which he took sick leave. On October 27, 1999, he visited Dr. Paul McCombs, who informed Mr. Hill that surgery was not an option for his back

condition. With the assistance of Dr. McCombs, the claimant obtained social security disability benefits. He also retired from Wilson under its disability plan.

At the trial of this cause, the claimant testified that the pain in his back worsened in the time following the first hearing, but the nature of the pain did not change. The trial court declined the invitation to reconsider Mr. Hill's claim based on two independent and unrelated grounds. First, the court held that reconsideration was appropriate only where the initial award was capped by the two and one-half multiplier limit. Second, the court held that an employee must be terminated in order to be eligible for reconsideration of the initial award. Thus, the trial court concluded, because the initial award was less than two and one-half times Dr. Fishbein's rating and the claimant had not been terminated, Mr. Hill's application for reconsideration was rejected as a matter of law.

According to Tennessee Code Annotated section 50–6–241(a)(1),

> [f]or injuries arising on or after August 1, 1992, in cases where an injured employee is eligible to receive any permanent partial disability benefits, pursuant to § 50–6–207(3)(A)(i) and (F), and the pre-injury employer returns the employee to employment at a wage equal to or greater than the wage the employee was receiving at the time of injury, the maximum permanent partial disability award that the employee may receive is two and one-half (21/2) times the medical impairment rating....

In addition, the statute says that "[i]n making determinations, the court shall consider all pertinent factors, including lay and expert testimony, employee's age, education, skills and training, local job opportunities, and capacity to work at types of employment available in claimant's dis-

abled condition." Tenn.Code Ann. § 50–6–241(a)(1).

■ If the injured worker thereafter loses his or her pre-injury employment, the court may, upon proper application made within one year of the employee's loss of employment, and if such loss of employment is within 400 weeks of the day the employee returned to work, enlarge the award to a maximum of six times such impairment rating, allowing the employer credit for permanent partial disability benefits already paid for the injury. Tenn. Code Ann. § 50–6–241(a)(2). A petition to enlarge a previous award is proper when the injured worker attempts to return to work but the original work-related disability later renders the injured worker unemployable with the pre-injury employer. *Brewer v. Lincoln Brass Works*, 991 S.W.2d 226, 228 (Tenn.1999). The purpose of Tenn.Code Ann. § 241 is to promote uniformity in workers' compensation awards. *Id.*

■ If the offer of re-employment by the employer is not reasonable in light of the injured worker's disability to perform the offered employment, the offer of re-employment is not meaningful and the injured worker may receive disability up to six times the medical impairment. *Nelson v. Wal–Mart Stores, Inc.*, 8 S.W.3d 625, 630 (Tenn.1999). On the other hand, an employee will be limited to disability benefits of not more than two and one-half times the medical impairment if his refusal to return to offered work is unreasonable. *Newton v. Scott Health Care Center*, 914 S.W.2d 884, 886 (Tenn.1995).

■ Tennessee Code Annotated sections 50–6–241(a)(1) and 50–6–241(a)(2) do not state that a trial court must award the maximum of two and one-half times the medical impairment rating as a prerequisite for reconsideration. Nonetheless, the appellant infers from the statute that an

award is not subject to reconsideration unless it was statutorily capped. However, this interpretation overlooks an important rule concerning construction of workers' compensation statutes. The Workers' Compensation Act expressly requires that it be given equitable construction and declares itself to be a remedial Act. Tenn. Code Ann. § 50–6–116. It must, therefore, be interpreted in a manner designed to protect workers and their families from the economic devastation that can follow on-the-job injuries. *Nance v. State Ind., Inc.*, 33 S.W.3d 222 (Tenn.2000).

Furthermore, an award under Tennessee Code Annotated section 50–6–241(a)(1) is based on the premise that the disabled worker will be returned to work by the pre-injury employer at the same or greater wage. Obviously such an award does not take into account the possibility that the disabled worker may be unable to return to work as intended. If the employee's injuries prevent him from successfully returning to work, then his claim deserves reconsideration because the previous award does not account for the decreased prospects in local job opportunities after a failed return to work. Reconsideration is appropriate under such circumstances, whether or not the statutory cap was applied to the original award, in order to ensure that injured workers receive full consideration of their claims. We therefore hold that reconsideration is available under § 241(a)(2) if the initial award did not exceed the two and one-half times the medical impairment rating cap, as long as the application is timely and grounded on an unsuccessful return to work due to the employee's injuries.

The employer also argued successfully in the trial court that the employee should not be entitled to retire and thereby unilaterally entitle himself to an increased award. We agree that the statute was not intended to allow reconsideration for every injured employee who is returned to work and subsequently retires. However, we are not prepared to declare that retirement absolutely precludes reconsideration. The appropriateness of allowing reconsideration must be evaluated under the facts and circumstances of each case, applying the standards of reasonableness established by *Newton* and its progeny. For example, an award could be reconsidered if retirement is due to the employee's inability to perform the work because of injury or if it is due to the employer's refusal to accommodate restrictions.

For these reasons, the judgment of the trial court, dismissing the claim, is vacated and the cause remanded for consideration under the above standards and, if appropriate, reconsideration of the claimant's permanent disability. Costs are taxed to the appellee.