IN THE SUPREME COURT OF TENNESSEE
SPECIAL WORKERS' COMPENSATION APPEALS PANEL
AT JACKSON
July 1, 2004 Session

## WILLIAM G. NORVELL v. MENLO LOGISTICS, INC.

**Direct Appeal from the Chancery Court for Tipton County**
**No. 19,498     Martha B. Brasfield, Chancellor**

---

**No. W2004-00373-SC-WCM-CV - Mailed July 23, 2004; Filed November 8, 2004**

---

This workers' compensation appeal has been referred to the Special Workers' Compensation Appeals Panel of the Supreme Court in accordance with Tenn. Code Ann. § 50-6-225(e)(3) for hearing and reporting to the Supreme Court of findings of fact and conclusions of law. In this appeal, the employee insists the trial court erred in finding that his back injury was not causally related to an accidental injury occurring at work on October 4, 1999. As discussed below, the panel has concluded the judgment should be reversed and the cause remanded for an award of benefits.

**Tenn. Code Ann. § 50-6-225(e) (2002 Supp.) Appeal as of Right; Judgment of the Chancery Court Reversed; Case Remanded**

JOE C. LOSER, JR. SP. J., delivered the opinion of the court, in which JANICE M. HOLDER, J., and JAMES F. BUTLER, SP. J., joined.

A. Wilson Wages, Millington, Tennessee, for the appellant, William G. Norvell.

E. Patrick Lancaster and Bryan E. Dye, Olive Branch, Mississippi, for the appellee, Menlo Logistics, Inc.

### MEMORANDUM OPINION

The employee or claimant, Mr. Norvell, initiated this civil action against the employer, Menlo Logistics, Inc., to recover workers' compensation benefits for an allegedly work-related back injury. The employer denied liability. After a trial on the merits, the trial court found that the claimant had failed to prove by a preponderance of the evidence that his back injury was causally connected to his employment with Menlo. The claimant has appealed.

Appellate review is de novo upon the record of the trial court, accompanied by a presumption of correctness of the findings of fact, unless the preponderance of the evidence is otherwise. Tenn.

Code Ann. § 50-6-225(e)(2). The reviewing court is required to conduct an independent examination of the record to determine where the preponderance of the evidence lies. Wingert v. Government of Sumner County, 908 S.W.2d 921, 922 (Tenn. 1995). Conclusions of law are subject to de novo review on appeal without any presumption of correctness. Hill v. Wilson Sporting Goods Co., 104 S.W.3d 844 (Tenn. Workers' Comp Panel 2002). Issues of statutory construction are solely questions of law. Id. Where the trial judge has seen and heard the witnesses, the trial court's determination of issues of credibility and the weight to be given oral testimony must be accorded considerable deference on review, McCaleb v. Saturn Corp., 910 S.W.2d 412, 415 (Tenn. 1995), because it is the trial court which had the opportunity to observe the witnesses' demeanor and to hear the in-court testimony. Long v. Tri-Con Ind., Ltd., 996 S.W.2d 173, 178 (Tenn. 1999). The trial court's findings with respect to credibility and weight of the evidence may generally be inferred from the manner in which the court resolves conflicts in the testimony and decides the case. Tobitt v. Bridgestone/Firestone, Inc., 59 S.W.3d 57, 61 (Tenn. 2001). The appellate tribunal, however, is as well situated to gauge the weight, worth and significance of deposition testimony as the trial judge. Walker v. Saturn Corp., 986 S.W.2d 204, 207 (Tenn. 1998). Extent of vocational disability is a question of fact. Story v. Legion Ins. Co., 3 S.W.3d 450, 456 (Tenn. 1999). Where the medical testimony in a workers' compensation case is presented by deposition, the reviewing court may make an independent assessment of the medical proof to determine where the preponderance of the proof lies. Bridges v. Liberty Ins. Co. of Hartford, 101 S.W.3d 64, 67 (Tenn. Workers Comp Panel 2000).

The claimant suffered an injury at work on October 4, 1999, when his foot became tangled in plastic, causing him to fall and strike his left knee on a pallet. The next day, on October 5, 1999, he gave timely written notice to the employer of an injury to his knee and back. That same day, the employer sent him to the emergency room for treatment of his knee injury. At the hospital, he complained of both back and knee pain. Upon returning to work, the employer offered him a list of prospective treating physicians, from which he chose Dr. Arsen H. Manugian, a board certified orthopedic surgeon.

Dr. Manugian examined the claimant approximately ten days later. Dr. Manugian testified by deposition that the claimant only complained of knee pain. The doctor's testimony is based entirely on his records, created by persons unknown to the doctor, reflecting that the claimant's chief complaint was knee pain. The claimant's live testimony that he also complained of back pain was discredited by the trial court. The doctor obtained a history, conducted an examination and concluded the claimant had bruised his knee but would suffer no permanent impairment from the injury. After four additional visits, Dr. Manugian released the claimant to return to work without any restrictions.

Mr. Norvell complained of back pain on one occasion approximately one month following his return to work, but was not offered medical care for it. On April 11, 2000, he complained that his back was sore and hurt when he turned. He was given a form to fill out and return, but he declined to do so because he had already given timely notice when the injury occurred. On December 14, 2000, he returned to Dr. Manugian complaining of pain in the back of his left knee. The claimant was examined again by Dr. Manugian on January 4, 2001. At that time he made no

complaint of back pain and was again released to return to work without restriction or any impairment.

Dr. Manugian again examined the claimant on May 3, 2001, more than one and one-half years after the industrial accident of October 4, 1999, and found tenderness over the claimant's left lower back, along with limited ability to move without pain. The doctor ordered diagnostic testing which revealed disc protrusion, some displacement of a nerve root exit and degenerative changes. However, Dr. Manugian opined in his deposition that there was "no correlation" between that injury and the original industrial accident. A nerve block was prescribed but not done because the employer would not pay for it.

Dr. Joseph Boals examined the claimant on April 3, 2003, and reviewed some of his medical records, including the results of the MRI ordered by Dr. Manugian. Dr. Boals concluded there was a causal relationship between the claimant's back condition and the industrial accident. He estimated the claimant's permanent impairment to be 10 percent to the whole body. Two other doctors agreed there could be such a causal relationship. Dr. Murrell, who administered a nerve block, noted the back injury as work-related. So did the emergency room doctor, who saw the claimant on October 5, 1999, the day after the injury.

The claimant contends the evidence preponderates against the trial court's finding that the claimant's back injury was not work-related. We agree. The claimant complained of both a back and knee injury immediately after the accident. Yet the employer only provided treatment for the knee injury. Dr. Manugian's testimony that the claimant did not complain of back pain was based entirely on history taken by employees he did not know. He had no independent recollection of the claimant at all. Moreover, the record contains no other explanation as to how the back injury occurred. The claimant's written report, made shortly after his accident at work, is the most persuasive evidence of the cause.

The Workers' Compensation Law is a remedial statute that is to be given an equitable construction by the courts so that its objects and purposes may be realized and attained. Tenn. Code Ann. § 50-6-116 (1999). Therefore, the statute should be rationally but liberally construed to promote and adhere to the purposes of securing benefits to workers who fall within its coverage. Martin v. Lear Corp., 90 S.W.3d 626, 629 (Tenn. 2002). When a covered employee suffers an injury by accident arising out of and in the course of his employment, his employer is required to provide, free of charge to the injured employee, all medical and hospital care which is reasonably necessary on account of the injury. Tenn. Code Ann. § 50-6-204(a)(4)(A). An employer cannot escape liability by failing to provide such care. Moreover, the injured worker is not required to give multiple notices of his injury. See Quaker Oats Co. v. Smith, 574 S.W.2d 45, 48 (Tenn. 1978).

For those reasons, the judgment of the trial court is reversed and the cause remanded to the Chancery Court for Tipton County for an award of benefits. Costs are taxed to the appellee.

_____
JOE C. LOSER, JR.

IN THE SUPREME COURT OF TENNESSEE
AT JACKSON

# WILLIAM G. NORVELL  v.  MENLO LOGISTICS, INC.

**Chancery Court for Tipton County**
**No. 19,498**

———————————

**No. W2004-00373-SC-WCM-CV - Filed November 8, 2004**

———————————

## ORDER

This case is before the Court upon the motion for review filed by Menlo Logistics, Inc., pursuant to Tenn. Code Ann. § 50-6-225(e)(5)(B), the entire record, including the order of referral to the Special Workers' Compensation Appeals Panel, and the Panel's Memorandum Opinion setting forth its findings of fact and conclusions of law.

It appears to the Court that the motion for review is not well-taken and is therefore denied. The Panel's findings of fact and conclusions of law, which are incorporated by reference, are adopted and affirmed.  The decision of the Panel is made the judgment of the Court.

Costs are assessed to Menlo Logistics, Inc., for which execution may issue if necessary.

PER CURIAM