Christopher NIZIOL, Appellant,

v.

**LOCKHEED MARTIN ENERGY
SYSTEMS, INC., Appellee.**

Supreme Court of Tennessee,
at Knoxville.

Nov. 22, 1999.

John D. Agee, Cooley, Cooley & Agee,
Kingston, for Appellant.

Robert M. Stivers, Jr., Associate Gen.
Counsel, Lockheed Martin Energy Sys-
tems, Inc., Oak Ridge, for Appellee.

## OPINION

ANDERSON, Chief Justice.

We granted the motion to review this
workers' compensation case to determine
whether an award that was paid in a lump
sum pursuant to Tenn.Code Ann. § 50–6–
231 (1999) may be later reconsidered and
increased upon the filing of a new cause of
action by the employee pursuant to Tenn.
Code Ann. § 50–6–241(a)(2) (1999).[1]

After a hearing, the trial court approved
the parties' settlement awarding the em-
ployee a lump sum for a back injury based
upon a finding of 27.99% permanent partial

---

1. Section 241(a)(2) states in pertinent part
that "courts may reconsider, upon the filing
of a new cause of action, the issue of industri-
al disability." *Id.* Section 231 states in perti-
nent part, however, that "[a]ll amounts paid
by employer and received by the employee
..., by lump sum payments, shall be final."
*Id.*

disability. When the employee filed a new cause of action, based on his loss of employment under Tenn.Code Ann. § 50–6–241(a)(2), the trial court increased the original award to 50% permanent partial disability. The Special Workers' Compensation Appeals Panel reversed, concluding that the statutory language of Tenn.Code Ann. § 50–6–231, that a lump sum award is final, precluded the application of Tenn. Code Ann. § 50–6–241(a)(2).

After review, we conclude that this case is controlled by our recent decision in *Brewer v. Lincoln Brass Works, Inc.*, 991 S.W.2d 226 (Tenn.1999). We held in *Brewer* that a "petition under § 241(a)(2) is not prohibited in a case where the original workers' compensation award sought to be enlarged was paid in lump sum." *Id.* at 230. Accordingly, we reverse the Panel's judgment and reinstate the judgment of the trial court.[2]

### BACKGROUND

In July of 1994, the employee, Christopher Niziol, suffered a back injury in the course and scope of his employment with Lockheed Martin Energy Systems, Inc. ("Lockheed"), when the mower he was riding lost a wheel. Niziol suffered a herniated disc, and his treating physician, Dr. Alan Weems, found a 14% permanent partial impairment to the body as a whole. He restricted Niziol from frequently lifting more than thirty-five pounds, repetitively bending, kneeling and twisting, and from walking or standing more than one or two hours at a time. Niziol returned to work with these medical restrictions.

On February 28, 1996, the Roane County Chancellor approved a settlement between Lockheed and Niziol for a lump sum award of $35,000, based on a finding of 27.99% permanent partial disability to the body as a whole. Lockheed then terminated Niziol in March of 1997.

In April 1997, Niziol filed a new cause of action in the Roane County Chancery Court seeking to have the parties' previous settlement vacated and his workers' compensation award increased pursuant to Tenn.Code Ann. § 50–6–241(a)(2), which provides that "courts may reconsider ... the issue of industrial disability .... where the employee ... makes application to the appropriate court within one (1) year of the employee's loss of employment, if such loss of employment is within four hundred (400) weeks of the day the employee returned to work." *Id.* Lockheed responded that the original lump sum award made the judgment final pursuant to Tenn.Code Ann. § 50–6–231.

At the hearing, Niziol presented proof that he lost employment with Lockheed on March 31, 1997 and that he applied for reconsideration of his workers' compensation award and industrial disability within the statutory time to file a petition for reconsideration. A human resources administrator testified for Lockheed that Niziol's layoff was unrelated to his injury; affected approximately twenty-five employees; and resulted from an outsourcing[3] of the work Niziol and the others had been performing. The administrator conceded that Lockheed offered Niziol no other position after terminating him.

The Chancellor increased Niziol's award to a rating of 50% permanent partial disability pursuant to Tenn.Code Ann. § 50–6–241(a)(2). The Special Workers' Compensation Appeals Panel reversed, however, holding that Tenn.Code Ann. § 50–6–231 precludes the reconsideration of an award paid in a lump sum.

We granted Niziol's motion for review to address the apparent conflict between

---

**2.** We note that our decision in *Brewer* was released after the Panel's decision.

**3.** The administrator testified that "outsourcing" refers to the process by which work is

completely turned over to an outside contractor who reports back to Lockheed but who otherwise maintains complete responsibility for the work.

these statutes and now reinstate the judgment of the trial court.

### ANALYSIS

■ The issue in this appeal is a question of law involving statutory interpretation. Accordingly, our review is de novo with no presumption of correctness given the lower courts' judgments. *E.g., Spencer v. Towson Moving & Storage, Inc.*, 922 S.W.2d 508, 509 (Tenn.1996).

■ Niziol argues that the Panel erred in reversing the trial court's reconsideration of its award under Tenn.Code Ann. § 50–6–241(a)(2). This section states in pertinent part that:

> *[T]he courts may reconsider, upon the filing of a new cause of action, the issue of industrial disability.* ... Such reconsideration may be made in appropriate cases where the employee is no longer employed by the pre-injury employer and makes application to the appropriate court within one (1) year of the employee's loss of employment, if such loss of employment is within four hundred (400) weeks of the day the employee returned to work.

*Id.* (emphasis added). Lockheed maintains, however, that the Panel correctly determined that a lump sum award paid pursuant to Tenn.Code Ann. § 50–6–231 precludes a reconsideration of that award. Section 231 states in pertinent part that:

> All amounts paid by employer and received by the employee ..., by lump sum payments, *shall be final,* but the amount of any award payable periodically for more than six (6) months may be modified....

*Id.* (emphasis added).

At the outset, we note that the outcome of this case is dictated by our recent opinion in *Brewer v. Lincoln Brass Works, Inc.*, 991 S.W.2d 226 (Tenn.1999). In *Brewer,* we observed that the plain language of § 241(a)(2) "provides an avenue for an enlargement of awards without regard to whether the original award was paid in lump sum or periodic payments." *Id.* at 229. Moreover, we addressed the apparent conflict between § 241(a)(2) and § 231 and, relying on general principles of statutory construction, concluded that the specific provisions of § 241 control over the general provisions of § 231. Accordingly, we held that a "petition under § 241(a)(2) is not prohibited in a case where the original workers' compensation award sought to be enlarged was paid in lump sum." *Id.* at 230. Our decision in *Brewer* clearly indicates that the trial court acted correctly under § 241(a)(2) in the present case.

■ Lockheed argues, however, that the court erred in reconsidering the award under Tenn.Code Ann. § 50–6–241(a)(2) because Niziol was terminated for reasons unrelated to his injury. The provisions of § 241(a)(2), however, do not require a plaintiff to prove that the injury was related to the loss of employment. *See id.; e.g., Jaco v. Department of Health, Bureau of Medicaid,* 950 S.W.2d 350, 352 (Tenn. 1997) ("When the words of a statute are plain and unambiguous, the assumption is that the legislature intended what it wrote and meant what it said.") (citations omitted). It simply requires that the "employee is no longer employed by the pre-injury employer and makes application to the appropriate court within one (1) year of the employee's loss of employment, if such loss of employment is within four hundred (400) weeks of the day the employee returned to work." Tenn.Code Ann. § 50–6–241(a)(2). Moreover, the loss of employment in and of itself is relevant to the issue of industrial disability under § 241(a)(2), which states that reconsideration requires examination of "all pertinent factors, including ... local job opportunities, and capacity to work at types of employment available in claimant's disabled condition." *Id.* We therefore reject Lockheed's argument that a petition under § 241(a)(2) requires an employee to prove that the injury caused the loss of employment.

## CONCLUSION

After our review of the record and applicable authority, we conclude that the outcome of this case is dictated by *Brewer*, which decided that pursuant to Tenn.Code Ann. § 50–6–241(a)(2), a trial court may reconsider and enlarge a lump sum award paid pursuant to Tenn.Code Ann. § 50–6–231. Accordingly, we reverse the Panel's judgment and reinstate the judgment of the trial court. Costs of appeal are taxed to the appellee, for which execution shall issue if necessary.

DROWOTA, HOLDER and BARKER, JJ., concur.

BIRCH, J., not participating.