Debbie YOUNG,

v.

## CARADON BETTER-BILT, INC.

Supreme Court of Tennessee, at Nashville.

Aug. 25, 2000.

**286**

Larry G. Trail and Diana C. Benson, Murfreesboro, TN, for appellant, Caradon Better-Bilt, Incorporated.

Christopher K. Thompson, Murfreesboro, TN, for appellee, Debbie Young.

## OPINION

DROWOTA, J., delivered the opinion of the court, in which ANDERSON, C.J., HOLDER and BARKER, JJ., joined.

Following her termination for excessive absences and tardiness, the employee filed an action pursuant to Tenn.Code Ann. § 50-6-241(a)(2) seeking reconsideration of her 1996 workers' compensation award. The employer argued that reconsideration was not appropriate under the statute because the employee's termination was not causally connected to her initial work-related injury. The trial court rejected the employer's argument and entered a judgment awarding the employee an additional five percent (5%) permanent partial disability. The employer appealed the trial court's decision, and the Special Worker's Compensation Appeals Panel held that the trial court had erred in increasing the initial award because the employee had failed to prove that her termination was causally connected to her initial work-related injury. Thereafter, we granted the employee's motion for full Court review and now reject the findings and conclusions of the Panel. We conclude that Tenn.

Code Ann. § 50-6-241(a)(2) does not require the employee to prove that the initial work-related injury caused the loss of employment as a precondition to obtaining reconsideration. Accordingly, we affirm the judgment of the trial court.

### Background

Appellant, Debbie Young began working for appellee, Caradon Better Bilt, Incorporated ("Caradon") in February of 1992 as a production employee. Young sustained a compensable work-related injury to her left leg and back on or about November 1, 1995. Dr. Warren MacPherson treated Young and assessed a ten percent (10%) permanent partial disability as a result of that injury. Dr. MacPherson released Young to return to work with an initial two-week lifting restriction, and she returned to work on January 29, 1996. Young settled her workers' compensation claim for the 1995 injury on March 25, 1996, and received a twenty-five percent (25%) permanent partial disability rating to the body as a whole and $1,000.00 for future medical expenses beyond two years.

After Young returned to work, she continued to see Dr. MacPherson until March 4, 1997, for follow-up treatment. Thereafter, on March 12, 1998, Young was evaluated by Dr. David Gaw who, like Dr. MacPherson, assessed a ten percent (10%) impairment resulting from the 1995 injury.

On March 21, 1997, Young was terminated from her employment with Caradon for excessive tardiness and absenteeism. After her termination, Young sought a second opinion on the extent of the disability she had sustained as a result of the November 1, 1995, injury. Caradon arranged for Young to be examined and evaluated by Dr. Ronald Zellum. Dr. Zellum concluded that Young had an eight percent (8%) impairment resulting from the 1995 injury.

On May 21, 1997, two months after her employment was terminated, Young filed a complaint in the Chancery Court of Ruth-

erford County seeking, pursuant to Tenn. Code Ann. § 50-6-241(a)(2), reconsideration of her March 25, 1996, workers' compensation award. Following a hearing, the trial court found that Young had been terminated because of excessive tardiness and absenteeism. However, the trial court concluded that the law does not require proof of a causal connection between the employee's work-related initial injury and subsequent termination as a prerequisite to obtaining reconsideration of the original award under section 241(a)(2). Accordingly, the trial court entered a judgment awarding Young an additional five percent (5%) permanent partial disability to the body as a whole, thereby raising the original award for the 1995 injury from twenty-five percent (25%) to thirty percent (30%) to the body as a whole.

Caradon appealed the trial court's judgment arguing that the trial court had erred by reconsidering the extent of the employee's workers' compensation award. According to Caradon, reconsideration was inappropriate because Young had failed to show a causal connection between her termination and the 1995 work-related injury. The Special Workers' Compensation Appeals Panel agreed with Caradon and held that the trial court had erred in reconsidering Young's award. In so holding, the Appeals Panel stated: "when an employee's termination is a result of his or her own deliberate actions, as is the case before this Panel, the employee should be required to show a causal connection between the loss of employment and the work-related injury before the Court will reconsider his or her disability award."

Thereafter, Young filed a motion for full Court review of the Panel's decision pursuant to Tenn. Code Ann. § 50-6-225(e)(5)(B). We granted Young's motion to determine whether the Panel erred in concluding that Young was required to show a causal connection between her original injury and subsequent termination before obtaining reconsideration under Tenn. Code Ann. § 50-6-241(a)(2). For the rea-sons that follow, we now reject the Panel's conclusion and affirm the judgment of the trial court.

## Standard of Review

The issue in this appeal is a question of law involving statutory interpretation. Accordingly, our review is *de novo* with no presumption of correctness afforded the lower courts' judgments. *Nelson v. Wal-Mart Stores, Inc.,* 8 S.W.3d 625, 629 (Tenn. 1999).

## Discussion

■ Young argues that the Panel erred in reversing the trial court's judgment because the statute regarding reconsideration does not contain a requirement that the termination be causally related to the original injury. The statute pertinent to the issue in this appeal is Tenn. Code Ann. § 50-6-241(a)(2) which provides:

In accordance with this section, the courts may reconsider, upon the filing of a new cause of action, the issue of industrial disability. Such reconsideration shall examine all pertinent factors, including lay and expert testimony, employee's age, education, skills and training, local job opportunities, and capacity to work at types of employment available in claimant's disabled condition. Such reconsideration may be made in appropriate cases where the employee is no longer employed by the pre-injury employer and makes application to the appropriate court within one (1) year of the employee's loss of employment, if such loss of employment is within four hundred weeks of the day the employee returned to work. In enlarging a previous award, the court must give the employer credit for prior benefits paid to the employee in permanent partial disability benefits, and any new award remains subject to the maximum established in subsection (b).

The proper interpretation of this statute with regard to the causal connection requirement is controlled by our recent decision in *Niziol v. Lockheed Martin Energy*

*Sys., Inc.*, 8 S.W.3d 622 (Tenn.1999). In that case, the employee sustained a work-related injury in July of 1994 and received a court-approved settlement in February of 1996. Then, in March of 1997, Lockheed terminated Niziol's employment. Thereafter, Niziol filed a new cause of action seeking to have the previous settlement reconsidered and the workers' compensation award increased pursuant to Tenn. Code Ann. § 50-6-241(a)(2). Lockheed offered proof to show that Niziol's termination was unrelated to the 1994 work-related injury and was instead the result of outsourcing work that Niziol and other employees had been performing.

Despite agreeing that the termination was not related to the initial work-related injury, the trial court reconsidered the initial award, which had been paid by lump sum and increased Niziol's disability rating. The Special Worker's Compensation Appeals Panel reversed finding that payment of a lump sum precludes reconsideration. Thereafter, this Court granted Niziol's motion for full Court review. First, applying *Brewer v. Lincoln Brass Works, Inc.*, 991 S.W.2d 226 (Tenn.1999), we held that reconsideration was appropriate even though the initial court-approved settlement had been paid in lump sum.

Next, we addressed Lockheed's argument that the trial court had "erred in reconsidering the award under Tenn.Code Ann. § 50-6-241(a)(2) because Niziol was terminated for reasons unrelated to his injury." *Niziol*, 8 S.W.3d at 624. In rejecting this argument, we stated as follows:

> The provisions of § 241(a)(2), however, do not require a plaintiff to prove that the injury was related to the loss of employment. It simply requires that the "employee is no longer employed by the pre-injury employer and makes application to the appropriate court within one (1) year of the employee's loss of employment, if such loss of employment is within four hundred (400) weeks of the day the employee returned to work." Moreover, the loss of employment in and of itself is relevant to the issue of industrial disability under § 241(a)(2), which states that reconsideration requires examination of "all pertinent factors, including ... local job opportunities, and capacity to work at types of employment available in claimant's disabled condition." *We therefore reject Lockheed's argument that a petition under § 241(a)(2) requires an employee to prove that the injury caused the loss of employment.*

*Id.* (internal citations omitted) (emphasis added).

■ Applying our decision in *Niziol* to the facts in this case, it is clear that the Panel erred. Contrary to the Panel's conclusion, Tenn. Code Ann. § 50-6-241(a)(2) does not require the employee to prove as a precondition to obtaining reconsideration that his or her termination was causally connected to his or her initial work-related injury. Accordingly, we conclude that the trial court did not err in reconsidering Young's initial award under Tenn. Code Ann. § 50-6-241(a)(2).

### Conclusion

For the foregoing reasons, we reject the findings and conclusions of the Special Workers' Compensation Appeals Panel regarding the interpretation and application of Tenn. Code Ann. § 50-6-241(a)(2) and affirm the judgment of the trial court. Costs of this appeal are taxed to the appellee, Caradon Better Bilt, Incorporated, for which execution may issue if necessary.

BIRCH, J., not participating.