# IN THE SUPREME COURT OF TENNESSEE
## AT KNOXVILLE
### October 2, 2002 Session

## RODNEY R. HARDIN v. ROYAL & SUNALLIANCE INSURANCE

**Appeal by Permission from the Special Workers' Compensation Appeals Panel**
**Chancery Court for Knox County**
**No. 143667-2    Daryl R. Fansler, Chancellor**

---

### No. E2001-02622-SC-WCM-CV - Filed May 2, 2003

---

We granted the plaintiff's motion for review as provided by Tennessee Code Annotated section 50-6-225(e) (1999 & Supp. 2002) to determine whether a trial court may reconsider an award pursuant to Tennessee Code Annotated section 50-6-241(a)(2) (1999)[1] when an employee resigns and, if so, under what circumstances may the prior award be increased. After receiving a workers' compensation award and returning to his pre-injury employment, Rodney R. Hardin voluntarily resigned. Thereafter, he filed a motion requesting that the trial court reconsider his award. The trial court granted this motion and increased the plaintiff's award by 15%. The Special Workers' Compensation Appeals Panel held that, while a trial court may reconsider a previous workers' compensation award when the employee resigns, it may increase the award only if the resignation was reasonably related to the injury. The Panel found that Hardin's resignation was not reasonably related to his injury and, therefore, reversed the trial court's increase of the award. We agree with the Panel's reasoning and its conclusion.

**Tenn. Code Ann. § 50-6-225(e); Findings of Fact and Conclusions of Law of the**
**Special Workers' Compensation Appeals Panel Affirmed**

---

[1]This Code section states in pertinent part:

In accordance with this section, the courts may reconsider, upon the filing of a new cause of action, the issue of industrial disability. Such reconsideration shall examine all pertinent factors, including lay and expert testimony, employee's age, education, skills and training, local job opportunities, and capacity to work at types of employment available in claimant's disabled condition. Such reconsideration may be made in appropriate cases where the employee is no longer employed by the pre-injury employer and makes application to the appropriate court within one (1) year of the employee's loss of employment, if such loss of employment is within four hundred (400) weeks of the day the employee returned to work. . . .

ADOLPHO A. BIRCH, JR., J., delivered the opinion of the court, in which FRANK F. DROWOTA, III, C.J., and JANICE M. HOLDER and WILLIAM M. BARKER, JJ., joined. E. RILEY ANDERSON, J., not participating.

Christopher J. Oldham, Knoxville, Tennessee, for the appellant, Rodney R. Hardin.

J. Timothy Bobo and Judith A. DePrisco, Knoxville, Tennessee, for the appellee, Royal & Sunalliance Insurance.


**OPINION**

I. Facts and Procedural History

On June 16, 1999, Rodney R. Hardin sustained a herniated disc as a result of an injury that arose out of and during the course of his employment for Bassett Furniture Direct Industries, Inc. ("Bassett"). Hardin filed a workers' compensation claim in the Knox County Chancery Court against Royal & Sunalliance Insurance ("Royal"), Bassett's workers' compensation insurance carrier.

The trial court found that Hardin sustained a significant occupational disability, but that Hardin's recovery was limited by the 2.5 multiplier found in Tennessee Code Annotated section 50-6-241(a)(1) (1999). The court stated that since Bassett returned Hardin to his pre-injury employment at a wage equal to or greater than the wage he was receiving at the time of his injury, Hardin could only recover two and one-half times his medical impairment rating. Therefore, Hardin's recovery was limited to an award of benefits based upon a 25% permanent partial disability to the body as a whole. Accordingly, the trial court held that Hardin was entitled to receive his average weekly wage of $320.00 per week for 100 weeks–a total award of $32,000.00. Additionally, the court ordered that Hardin was entitled to receive lifetime medical benefits related to the injury.

Hardin returned to work at Bassett. Thereafter, he received information that Bassett would be sold to a person with whom he did not relate well. Believing that he would be terminated were this person to purchase the company, Hardin resigned in October of 2000. Although contemplated, the sale never materialized.

On January 31, 2001, Hardin filed a petition for reconsideration as provided by Tennessee Code Annotated section 50-6-241. Upon reconsideration, the trial court found that Hardin's resignation was not for "personal or insubstantial" reasons and that "escaping the limitations in the statute was not a motivating factor in his determination to resign his employment with Bassett." Based upon the foregoing, the trial court increased Hardin's award by 15% to 40%.

Before the Special Workers' Compensation Appeals Panel, Royal asserted that Hardin could not seek reconsideration of his case pursuant to the provisions of Tennessee Code Annotated section 50-6-241 because he voluntarily left his employment with Bassett. The Panel held that "[i]f the

employee voluntarily resigns, the right to reopen the case is not absolute but is controlled by the reason(s) for the resignation." Further, the Panel ruled that a trial court may only increase an award if the resignation was reasonable, such as where the employee is unable to perform the work due to the injury or if the employer refuses to accommodate the employee's medical restrictions. Thereafter, the Panel found that Hardin's resignation was not reasonably related to his injury and that the trial court improperly increased his award.

We granted Hardin's appeal from the Panel's decision to decide whether a trial court may reconsider an award pursuant to Tennessee Code Annotated section 50-6-241(a)(2) when an employee resigns and, if so, whether the trial court must find that the employee's resignation was reasonably related to his injury as a prerequisite to increasing the award.

## II. Standard of Review

Appellate review is de novo upon the record of the trial court, accompanied by a presumption of correctness for the findings of fact, unless the preponderance of the evidence is otherwise. Tenn. Code Ann. § 50-6-225(e)(2) (1999 & Supp. 2002). Conclusions of law are subject to de novo review on appeal without any presumption of correctness. Niziol v. Lockheed Martin Energy Sys., Inc., 8 S.W.3d 622, 624 (Tenn. 1999); Nutt v. Champion Int'l Corp., 980 S.W.2d 365, 367 (Tenn. 1998). Issues of statutory construction are solely questions of law. Bryant v. Genco Stamping & Mfg. Co., 33 S.W.3d 761, 765 (Tenn. 2000). Workers' compensation statutes must be construed so as to ensure that the injured employees are justly and appropriately reimbursed for debilitating injuries suffered in the course of service to the employer. Story v. Legion Ins. Co., 3 S.W.3d 450, 455 (Tenn. Workers' Comp. Panel 1999).

## III. Analysis

The Tennessee workers' compensation statutes set caps on an employee's permanent partial disability award, with the level of the cap dependent on whether the pre-injury employer returns the employee to work at a wage equal to or greater than the employee's pre-injury wage. See Tenn. Code Ann. § 50-6-241. If an employer returns the employee to work at a wage equal to or greater than the pre-injury wage, the statutory cap, or maximum award, is two and one-half times the employee's medical impairment rating. Tenn. Code Ann. § 50-6-241(a)(1).[2] The maximum award

---

[2]Tennessee Code Annotated section 50-6-241(a)(1) states:

For injuries arising on or after August 1, 1992, in cases where an injured employee is eligible to receive any permanent partial disability benefits, pursuant to § 50-6-207(3)(A)(i) and (F), and the pre-injury employer returns the employee to employment at a wage equal to or greater than the wage the employee was receiving at the time of injury, the maximum permanent partial disability award that the employee may receive is two and one-half (2 1/2) times the medical impairment rating determined pursuant to the provisions of the American Medical Association Guides to the Evaluation of Permanent Impairment (American Medical Association), the Manual for Orthopedic Surgeons in Evaluating Permanent Physical Impairment (American Academy of Orthopedic Surgeons), or in cases

(continued...)

for an employee not returned to work at an equal or greater wage is six times the medical impairment rating. Tenn. Code Ann. § 50-6-241(b) (1999).[3]

If benefits are initially capped at two and one-half times the employee's medical impairment rating, but, within 400 weeks of returning to work the employee is no longer employed by the pre-injury employer, then the employee may ask the court to reconsider the award. Tenn. Code Ann. § 50-6-241(a)(2). The Code provides:

> [R]econsideration may be made in appropriate cases where the employee is no longer employed by the pre-injury employer and makes application to the appropriate court within one (1) year of the employee's loss of employment, if such loss of employment is within four hundred (400) weeks of the day the employee returned to work.

Id.

The first issue that we must address is whether Hardin's resignation is a "loss of employment" supporting reconsideration under Tennessee Code Annotated section 50-6-241(a)(2) applicable. The statute itself is silent as to whether the loss of employment must be voluntary, involuntary, or related to the injury. "When the words of a statute are plain and unambiguous, the assumption is that the legislature intended what it wrote and meant what it said." Jaco v. Dep't of Health, Bureau of Medicaid, 950 S.W.2d 350, 352 (Tenn. 1997) (citation omitted); see Niziol v. Lockheed Martin Energy Sys., Inc., 8 S.W.3d 622, 624 (Tenn. 1999). Section 241(a)(2) simply requires that the "employee is no longer employed by the pre-injury employer and makes application to the appropriate court within one (1) year of the employee's loss of employment, if such loss of employment is within four hundred (400) weeks of the day the employee returned to work." Niziol, 8 S.W.3d at 624. These statutory requirements may be met when an employee resigns; therefore, a trial court may reconsider a previous workers' compensation award in this circumstance. Accordingly, we hold a trial court may reconsider a workers' compensation award pursuant to section 241(a)(2) when the employee resigns from employment.

---

[2](...continued)
not covered by either of these, an impairment rating by any appropriate method used and accepted by the medical community.

[3]Tennessee Code Annotated section 50-6-241(b) reads:

Subject to factors provided in subsection (a) of this section, in cases for injuries on or after August 1, 1992, where an injured employee is eligible to receive permanent partial disability benefits, pursuant to 50-6-207(3)(A)(i) and (F), and the pre-injury employer does not return the employee to employment at a wage equal to or greater than the wage the employee was receiving at the time of injury, the maximum permanent partial disability award that the employee may receive is six (6) times the medical impairment rating . . . .

Having so decided, we must now determine whether the trial court properly increased Hardin's award. The legislative purpose in enacting Tennessee Code Annotated section 50-6-241(a)(2) was to promote uniformity in workers' compensation awards and to protect a worker whose benefits were capped by the statute from being employed only long enough for the employer to reap the benefits of the statutory cap. See Brewer v. Lincoln Brass Works, Inc., 991 S.W.2d 226, 229 (Tenn. 1999); Hicks v. Kroger Food Stores, Inc., No. E2000-01449-WC-R3-CV, 2001 WL 1018712, at *2 (Tenn. Workers' Comp. Panel Sept. 6, 2001). This purpose is not furthered by allowing trial courts to reconsider and increase all previous workers' compensation awards for any employee who later voluntarily resigns for any reason. To so hold would provide an inappropriate incentive for workers to resign from the pre-injury employment merely to seek an increase in the prior award. Clearly, this was not the legislature's intent, and we do not think that increasing an award is appropriate in all cases where an employee resigns.

In light of the legislative intent we perceive a need for a standard by which a trial court can judge if the workers' compensation award should be increased. We look to our previous decision in Newton v. Scott Health Care Center, 914 S.W.2d 884 (Tenn. Workers' Comp. Panel 1995), which provides guidance. In Newton, we were called upon to interpret Tennessee Code Annotated section 50-6-241(a)(1). That section, as mentioned above, sets a cap on the workers' compensation award if the employer returns the employee to pre-injury employment at a wage equal to or greater than the wage the employee was receiving at the time of the injury. We held:

> There will be a variety of factual situations wherein the courts will be required to construe the meaning of the words in question here. The ultimate resolution of their meaning will be leavened by an assessment of the reasonableness of the employer in attempting to return the employee to work and the reasonableness of the employee in failing to return to work.
>
> If the offer from the employer is not reasonable in light of the circumstances of the employee's physical ability to perform the offered employment, then the offer of employment is not meaningful and the injured employee may receive disability benefits up to six times the amount of the medical impairment. On the other hand, an employee will be limited to disability of two and one-half times the medical impairment if his refusal to return to offered work is unreasonable. The resolution of what is reasonable must rest upon the facts of each case and be determined thereby.

Newton, 914 S.W.2d at 886.

In line with the same reasoning, we hold that while a trial court may reconsider a previous award if the employee resigns, it may increase that award only if the resignation was reasonably related to the injury. For example, the resignation may be due to the employee's inability to perform the work or the employer's refusal to accommodate the worker's medical restrictions. As we stated

in Newton, the resolution of what is reasonable must rest upon the facts of each case and be determined thereby.

This holding does not conflict with our holding in Niziol. In that case, we held that when the employer terminates the employee, a petition under section 241(a)(2) does not require an employee to prove that the injury caused the loss of employment. Nizol, 8 S.W.3d at 624. When an employee is terminated, there is an interest in ensuring that the termination was not previously contemplated by the employer and that the employee was not retained temporarily as a means for the employer to benefit from the statutory cap. In a case where the employee voluntarily resigns, however, this interest is attenuated, unless the employee can show that the resignation is reasonably related to the previous injury. To hold otherwise would invite reconsideration claims in cases where the resignation was entirely unrelated to the injury.

We now apply this standard to the case under submission. When deciding whether Hardin's resignation was reasonably related to his injury, the Panel found that:

> In this case, the employer did nothing to terminate the plaintiff. The employer did nothing to coerce or cause the plaintiff to leave his employment. The employee unilaterally reached a conclusion that the business was going to be sold to a person who would fire him. The sale did not occur and if it had there is no objective certainty that he would be fired. The plaintiff conceded that had he not quit he would probably still be working for Bassett. Based upon these facts we find the resignation of the plaintiff was not reasonable and does not support a finding that he should be able to reopen the previous award.

We agree with this reasoning of the Panel and hold that Hardin's resignation was not reasonably related to his previous injury. Accordingly, the trial court erred when it increased his previous workers' compensation award.

## IV. Conclusion

In accordance with the foregoing, we hold that a trial court may reconsider a previous workers' compensation award when an employee resigns, but that the trial court may only increase the award if the resignation is reasonably related to the employee's injury. In the case under submission, Hardin's resignation was not reasonably related to his injury, and, therefore, the trial court erred by increasing his award. The judgment of the Workers' Compensation Appeals Panel is affirmed. All costs are taxed to Hardin, for which execution may issue if necessary.

_____
ADOLPHO A. BIRCH, JR., JUSTICE