# IN THE SUPREME COURT OF TENNESSEE
## AT NASHVILLE
### October 1, 2003 Session

## WILLIAM PERRIN v. GAYLORD ENTERTAINMENT CO., ET AL.

**An Appeal by Permission from the Supreme Court Special Workers'
Compensation Appeals Panel
Chancery Court for Davidson County
No. 99-2659-I    Irvin H. Kilcrease, Jr., Chancellor**

---

**No. M2001-01585-SC-WCM-CV - Filed December 5, 2003**

---

We granted review to determine whether the employee's action for reconsideration of his workers' compensation benefits was filed too late pursuant to Tennessee Code Annotated section 50-6-241(a)(2) (1999). The trial court found that the employee's action to reconsider his prior award was untimely because it was filed more than one year after his employment with his pre-injury employer had ended and also found that the employee's settlement with his pre-injury employer had waived his right to reconsideration. The Special Workers' Compensation Appeals Panel affirmed the trial court's ruling on the ground that the action was untimely. After reviewing the record and applicable authority, we agree that the employee's action to reconsider his award of benefits was untimely because it was not filed within one year of his loss of employment with his pre-injury employer as required by Tennessee Code Annotated section 50-6-241(a)(2). Accordingly, we affirm the findings of fact and conclusions of law of the Panel.

**Tenn. Code Ann. § 50-6-225(e); Findings of Fact and Conclusions of Law of the Special
Workers' Compensation Appeals Panel Affirmed**

E. RILEY ANDERSON, J., delivered the opinion of the court, in which FRANK F. DROWOTA, III, C.J., and JANICE M. HOLDER and WILLIAM M. BARKER, JJ., joined. ADOLPHO A. BIRCH, JR., J., not participating.

Ann Buntin Steiner, Nashville, Tennessee, for the Appellant, William Perrin.

Richard K. Smith and Kathleen W. Smith, Nashville, Tennessee, for the Appellee, Gaylord Entertainment Company.

# OPINION

## BACKGROUND

The employee, William Perrin, age 41 at the time of the trial, began working in 1986 as a stagehand for The Nashville Network ("TNN"), which was owned by Gaylord Entertainment Company ("Gaylord"). Perrin's duties required him to move lighting, set up stages, and unload equipment from trucks. On December 17, 1996, Perrin injured his lower back while moving a ladder in the course and scope of his employment. Following back surgery in February of 1997, Perrin returned to work at TNN in May of 1997, with restrictions on lifting.

In October of 1997, Perrin reached maximum medical improvement and his physician assigned an impairment rating of eighteen percent (18%) permanent partial disability to the body as a whole. On March 26, 1998, Perrin settled his workers' compensation claim with Gaylord. The settlement agreement awarded Perrin a lump sum payment of $79,842.60, which was based on forty-five percent (45%) vocational disability, or two and one-half times the impairment rating. See Tenn. Code Ann. § 50-6-241(a)(1) (1999). The settlement agreement was approved by the trial court.

Prior to the settlement, on October 1, 1997, TNN was purchased by CBS Corporation ("CBS") and CBS Cable Network, Inc. As a result of the sale, Gaylord/TNN employees became CBS employees. Perrin continued to work as a stagehand for TNN, now owned by CBS, at the same place and with the same coworkers. Although Perrin received the same hourly rate of pay, his paychecks were no longer written or issued by Gaylord and were instead written and issued on behalf of CBS by a check-writing service.

In December of 1998, however, Perrin's work assignments for TNN, which had decreased since the sale to CBS, ceased completely and resulted in his termination. Perrin began working as a driver for Loomis Fargo, but he was unable to drive the standard shift armored vehicles without pain in his back. Perrin again changed employment and took a position as a jailor with the Wilson County Sheriff's Department, where he was working 40 hours per week at the time of trial.

Perrin testified at trial that he still suffered from pain in his lower back and that the pain affected his ability to work around the home and participate in recreational activities.

In September of 1999, Perrin filed this action for reconsideration of his award against Gaylord, and then later filed a similar action for reconsideration of his award against CBS and CBS Cable Network.[1] The trial court dismissed the action against Gaylord after finding that Perrin was no longer employed by Gaylord after the purchase of TNN by CBS and that the action for reconsideration of his workers' compensation award was not filed within one year of the settlement

---

[1] After first consolidating the two cases, the trial court determined that Gaylord was the proper defendant and dismissed the remaining defendants.

agreement with Gaylord.[2]  The Special Workers' Compensation Appeals Panel affirmed the ruling of the trial court.

We granted this appeal.

## ANALYSIS

### Standard of Review

Our standard of review of questions of fact in a workers' compensation appeal is de novo upon the record, with a presumption that the trial court's findings are correct unless the preponderance of evidence is otherwise.  Richards v. Liberty Mut. Ins. Co., 70 S.W.3d 729, 732 (Tenn. 2002); see also Tenn. Code Ann. § 50-6-225(e)(2) (1999).  Our standard of review of questions of law, however, such as that presented in this case, is de novo without a presumption of correctness.  Richards, 70 S.W.3d at 732.

### Reconsideration of a Prior Award

The employee, William Perrin, argues that his action for reconsideration was timely filed under Tennessee Code Annotated section 50-6-241(a)(2) because it was filed within one year of his loss of employment with CBS.  He argues that the Special Workers' Compensation Panel erroneously concluded that the action had to be filed within one year after TNN was purchased by CBS, particularly since there had been no change in his work with TNN.  Gaylord argues that the Panel correctly held that the action was not filed within one year of Perrin's loss of employment with Gaylord.

When interpreting statutes, a reviewing court must ascertain and give effect to the legislative intent without restricting or expanding the statute's intended meaning or application.  Parks v. Tenn. Mun. League Risk Mgmt. Pool, 974 S.W.2d 677, 679 (Tenn. 1998).  The court must examine the language of the statute and, if unambiguous, apply its ordinary and plain meaning.  Id.; see also Niziol v. Lockheed Martin Energy Sys., Inc., 8 S.W.3d 622, 624 (Tenn. 1999).  If the language of the statute is ambiguous, the court must examine the entire statutory scheme and the relevant legislative history to ascertain and give effect to the legislative intent.  Parks, 974 S.W.2d at 679.

We begin our analysis by reviewing the statutory provisions that govern the circumstances in which an employee may seek reconsideration of a prior workers' compensation award:

---

[2] The trial court also found that Perrin waived his right to reconsideration under the terms of the settlement agreement, which provided in part that Gaylord's "agents, successors and assigns, are hereby released from any and all further claims by the Employee for any workers' compensation benefits . . . as a result of or in any way connected with or growing out of the Employee's accident and injuries of December 17, 1996 . . . ."  The Special Workers' Compensation Appeals Panel did not decide the waiver issue and we need not do so given our disposition of the appeal on other grounds.

> [T]he court may reconsider, upon the filing of a new cause of action, the issue of industrial disability . . . . Such reconsideration may be made in appropriate cases <u>where the employee is no longer employed by the pre-injury employer and makes application to the appropriate court within one (1) year of the employee's loss of employment</u>, if such loss of employment is within four hundred (400) weeks of the day the employee returned to work.

Tenn. Code Ann. § 50-6-241(a)(2) (1999) (emphasis added); <u>see also</u> <u>Niziol</u>, 8 S.W.3d at 624 (applying section 50-6-241(a)(2)).

The key provisions of Tennessee Code Annotated section 50-6-241(a)(2) as applied in this case state that an action for reconsideration may be made where the employee (1) "is no longer employed by the pre-injury employer," and (2) "makes application within one (1) year of the employee's loss of employment." Tenn. Code Ann. § 50-6-241(a)(2) (1999). We will look at each requirement in turn.

The phrase "no longer employed with the pre-injury employer" is not defined in Tennessee Code Annotated section 50-6-241(a)(2) or elsewhere in the statutory scheme. The term "employer," however, is defined and includes:

> any individual, firm, association or corporation, or the receiver, or trustee of the same, or the legal representative of a deceased employer, using the services of not less than five (5) persons for pay. . . . If the employer is insured, it shall include the employer's insurer, unless otherwise herein provided.

Tenn. Code Ann. § 50-6-102(11) (Supp. 2003). A plain and ordinary interpretation of "pre-injury" employer, therefore, means the "employer" for which the employee was working before the compensable injury occurred. <u>See</u> <u>Niziol</u>, 8 S.W.3d at 624 (applying plain and ordinary meaning).

The phrase "loss of employment" is likewise not defined in Tennessee Code Annotated section 50-6-241(a)(2) or elsewhere in the statutory scheme. When the statute is read as a whole, however, it states that an application for reconsideration of an award may be filed "where the employee is no longer employed by the pre-injury employer and makes application to the appropriate court within one (1) year of the employee's loss of employment." Tenn. Code Ann. § 50-6-241(a)(2). A plain and ordinary interpretation of "loss of employment" must be read harmoniously with "no longer employed by the pre-injury employer." In short, the statute requires that an application for reconsideration must be made within one year of the employee's loss of employment with the pre-injury employer and not within one year of the loss of employment with a later or successor employer. <u>See</u> <u>Parks</u>, 974 S.W.2d at 679 (applying the plain and ordinary interpretation).

Applying these statutory provisions, it is clear that Perrin's pre-injury employer was Gaylord and that he failed to seek reconsideration of his workers' compensation award within one year of his loss of employment with Gaylord. Perrin's employment with Gaylord ended when Gaylord was purchased by CBS on October 1, 1997; his action for reconsideration, however, was not filed until September 17, 1999, *i.e.*, almost two years after he had lost his employment with Gaylord and nearly 18 months after he had reached a settlement with Gaylord in March of 1998. Accordingly, the Panel properly affirmed the trial court's finding that the action for reconsideration was untimely.

Notwithstanding the plain meaning and application of these provisions, Perrin argues that "pre-injury employer" and "loss of employment" should be construed to encompass a broader range of possible employers. Perrin maintains, for instance, that the statute should include the sale or purchase of a pre-injury employer because it is unfair to require employees to know if and when their employer has been purchased, acquired or merged with another business entity. He argues that applying the one-year statute of limitations under these circumstances frustrates the purpose of Tennessee Code Annotated section 50-6-241(a)(2) because an employee may not be able to establish a change in the vocational disability.

Perrin's arguments, however, conflict with the plain language and meaning of Tennessee Code Annotated section 50-6-241(a)(2) and lack any specific statutory support. Indeed, had the broad meaning of "pre-injury employer" and "loss of employment" advanced by Perrin been intended, the statutory language would have been different. For example, the legislature could have deleted the "pre-injury employer" limitation from Tennessee Code Annotated section 50-6-241(a)(2) or even have included specific language to show that a pre-injury employer includes a later or successor entity. Accordingly, we decline to adopt Perrin's statutory interpretation.

Perrin's arguments also conflict with the facts in this case. The record shows that Perrin knew Gaylord was his pre-injury employer and that he knew Gaylord sold TNN to CBS in October of 1997. Although his work duties and environment with TNN remained unchanged, Perrin knew that Gaylord was no longer his employer and that Gaylord no longer wrote or issued his paychecks. Moreover, Perrin's knowledge that Gaylord was his pre-injury employer was demonstrated by the fact that he settled his workers' compensation claim with Gaylord in March of 1998 – six months after Gaylord sold TNN to CBS. In sum, Perrin's arguments are not supported by the record on appeal.

## CONCLUSION

After reviewing the record and applicable authority, we conclude that the employee's action to reconsider his award of benefits was untimely because it was not filed within one year of his loss of employment with his pre-injury employer as required by Tennessee Code Annotated section 50-6-241(a)(2) (1999). Accordingly, we affirm the findings of fact and conclusions of law of the Panel.

Costs of appeal are taxed to the employee, William Perrin, for which execution shall issue if necessary.

_____

E. RILEY ANDERSON, JUSTICE
