IN THE SUPREME COURT OF TENNESSEE
AT NASHVILLE
June 7, 2006 Session

# DAVID E. CLARK v. LOWE'S HOME CENTERS, ET AL.

**Direct Appeal from the Criminal Court for Jackson County**
**No. 00-118-KK-180      James O. Bond, Judge**

_____

**No. M2004-02972-SC-R3-CV - Filed: August 24, 2006**

_____

We granted this appeal to address whether a previous workers' compensation award can be reconsidered under Tennessee Code Annotated section 50-6-241(a)(2) if the employee sustains subsequent work-related injuries for which he seeks compensation. Upon review, we hold that reconsideration of a prior award under Tennessee Code Annotated section 50-6-241(a)(2) is not precluded by a subsequent work-related injury for which the employee seeks compensation. Accordingly, we affirm the trial court's judgment.

**Tenn. Code Ann. § 50-6-225(e); Judgment of the Trial Court is Affirmed**

JANICE M. HOLDER, J., delivered the opinion of the court, in which WILLIAM M. BARKER, C.J., and E. RILEY ANDERSON, ADOLPHO A. BIRCH, JR., and CORNELIA A. CLARK, JJ., joined.

Paul G. Summers, Attorney General and Reporter; Michael E. Moore, Solicitor General; Juan G. Villasenor, Assistant Attorney General, for the appellant, State of Tennessee Department of Labor, Second Injury Fund.

Debbie C. Holliman and Everett G. Holliman, Carthage, Tennessee, for the appellee, David E. Clark.

## OPINION

### I.  FACTUAL AND PROCEDURAL BACKGROUND

We granted an appeal in this case to determine whether a previous workers' compensation award can be reconsidered under Tennessee Code Annotated section 50-6-241(a)(2) if the employee sustains subsequent work-related injuries for which he seeks compensation. David Clark ("Clark") worked for Lowe's Homes Centers, Inc. ("Lowe's") from 1992 until his discharge in 2003. In 1994, Clark suffered a work-related injury to his right shoulder ("First Injury"). The parties settled the claim for 17.5% permanent partial disability to the body as a whole. In November 2000, Clark was attempting to load a refrigerator at work when he suffered another injury to his right shoulder. He also sustained injuries to his neck and right arm at that time ("Second Injury"). Clark subsequently

filed a complaint against Lowe's and the Second Injury Fund in the Criminal Court for Jackson County, Tennessee, seeking permanent disability benefits. Lowe's and Clark settled the Second Injury for 46.72% permanent partial disability to the body as a whole, which was within the statutory limits provided by Tennessee Code Annotated section 50-6-241.[1] In 2003, Clark suffered another work-related injury, this time to his right hand, right wrist, right elbow and right arm ("Third Injury"). Clark was terminated by Lowe's in that same year.

On September 19, 2003, Clark filed a complaint against Lowe's and the Second Injury Fund in the Criminal Court for Jackson County seeking reconsideration of the award of 46.72% for the Second Injury. The complaint alleged that he was entitled to have the court reconsider the extent of his vocational disability under Tennessee Code Annotated section 50-6-241(a)(2) because Lowe's had discharged him. Also on September 19, 2003, Clark filed a complaint in the Circuit Court of Jackson County seeking compensation for carpal tunnel syndrome arising from the Third Injury.

On November 13, 2004, the Criminal Court for Jackson County enlarged the award of 46.72% for the Second Injury by an additional 214 weeks, giving Clark a total of 400 weeks for the injuries he sustained in 2000. The award of permanent total benefits was apportioned between the Second Injury Fund and Lowe's.[2] The Second Injury Fund appealed, arguing that Clark was not entitled to reconsideration of the award for the Second Injury because he sustained and sought workers' compensation benefits for the Third Injury. On August 25, 2005, the Circuit Court of Jackson County found that Clark was permanently and totally disabled as a result of the Third Injury. The appeal of the increased award for the Second Injury was heard by the Special Workers' Compensation Appeal Panel on November 29, 2005. The case was transferred to the full Court for review prior to a decision by the Panel.

---

[1] At the time of Clark's Second Injury and settlement, Tennessee Code Annotated section 50-6-241(a)(1) provided in pertinent part that

> [f]or injuries arising on or after August 1, 1992, in cases where an injured employee is eligible to receive any permanent partial disability benefits, pursuant to § 50-6-207(3)(A)(i) and (F), and the pre-injury employer returns the employee to employment at a wage equal to or greater than the wage the employee was receiving at the time of injury, the maximum permanent partial disability award that the employee may receive is two and one-half (2 1/2) times the medical impairment rating determined pursuant to the provisions of the American Medical Association Guides to the Evaluation of Permanent Impairment (American Medical Association), the Manual for Orthopedic Surgeons in Evaluating Permanent Physical Impairment (American Academy of Orthopedic Surgeons), or in cases not covered by either of these, an impairment rating by any appropriate method used and accepted by the medical community. In making determinations, the court shall consider all pertinent factors, including lay and expert testimony, employee's age, education, skills and training, local job opportunities, and capacity to work at types of employment available in claimant's disabled condition.

[2] The trial court apportioned 68.88 weeks of the modified award to the Second Injury Fund. The apportionment is not at issue in this appeal.

## II. ANALYSIS

The issue in this case involves the applicability of Tennessee Code Annotated section 50-6-241(a)(2) to Clark's claim for increased benefits for his Second Injury and the effect of the Third Injury on this claim. Issues of statutory construction, like the issue before us, are solely questions of law. Bryant v. Genco Stamping & Mfg. Co., 33 S.W.3d 761, 765 (Tenn. 2000). Questions of law are reviewed de novo without a presumption of correctness of the trial court's findings. Leab v. S & H Mining Co., 76 S.W.3d 344, 348 (Tenn. 2002). This Court's role in statutory interpretation "'is to ascertain and give effect to the legislative intent without unduly restricting or expanding a statute's coverage beyond its intended scope.'" Houghton v. Aramark Educ. Res., Inc., 90 S.W.3d 676, 678 (Tenn. 2002) (quoting Owens v. State, 908 S.W.2d 923, 926 (Tenn. 1995)). Intent is determined "from the natural and ordinary meaning of the statutory language within the context of the entire statute without any forced or subtle construction that would extend or limit the statute's meaning." State v. Flemming, 19 S.W.3d 195, 197 (Tenn. 2000). If the statute's language is clear, we must apply its plain meaning without a forced interpretation. Mooney v. Sneed, 30 S.W.3d 304, 306 (Tenn. 2000).

Tennessee Code Annotated section 50-6-241(a)(2) permits an injured worker whose workers' compensation benefits are capped by section 50-6-241(a)(1) to seek an enlargement of the award when the employee is no longer employed by the pre-injury employer. Section 50-6-241(a)(2) provides in pertinent part:

> [For injuries occurring before July 1, 2004], the courts may reconsider, upon the filing of a new cause of action, the issue of industrial disability. Such reconsideration shall examine all pertinent factors, including lay and expert testimony, employee's age, education, skills and training, local job opportunities, and capacity to work at types of employment available in claimant's disabled condition. Such reconsideration may be made in appropriate cases where the employee is no longer employed by the pre-injury employer and makes application to the appropriate court within one (1) year of the employee's loss of employment . . . .

The plain language of the statute indicates that injured workers who lose their jobs within the relevant time frame may obtain reconsideration of a workers' compensation award. Notably, the language of the statute contains no qualifying language, exceptions, or exclusions. See, e.g., Niziol v. Lockheed Martin Energy Sys., Inc., 8 S.W.3d 622, 624 (Tenn. 1999) (noting that the language of Tennessee Code Annotated section 50-6-241(a)(2) "do[es] not require a plaintiff to prove that the injury [for which reconsideration is sought] was related to the loss of employment"). Moreover, we give the Workers' Compensation Law a remedial, equitable construction in favor of injured workers. Long v. Mid-Tenn. Ford Truck Sales, Inc., 160 S.W.3d 504, 510 (Tenn. 2005).

In Brewer v. Lincoln Brass Works, Inc., this Court stated that a petition to enlarge a prior award under Tennessee Code Annotated 50-6-241(a)(2) "is not the appropriate vehicle to use when a worker sustains additional injuries or additional anatomical impairment." 991 S.W.2d 226, 229

(Tenn. 1999). The Second Injury Fund asserts that reconsideration of a prior award is inappropriate under <u>Brewer</u> whenever an employee has sustained subsequent work-related injuries for which he seeks benefits. We disagree.

In <u>Brewer</u>, the employee received a workers' compensation award of 37.5% to the body as a whole for a back injury. The award was paid in a lump sum. The employee returned to work, but he later aggravated his back injury, resulting in increased anatomical impairment. The employee filed a petition for reconsideration pursuant to Tennessee Code Annotated section 50-6-241(a)(2) seeking to enlarge his award. This Court held that section 50-6-241(a)(2) "is not applicable when there is either a subsequent injury or an aggravation of the original injury which increases a worker's anatomical disability." <u>Brewer</u>, 991 S.W.2d at 227. We further explained that if the worker "sustains additional impairment, whether caused by a subsequent work-related injury or work-related aggravation injury or aggravation of the original injury, the worker must file a new claim for workers' compensation rather than attempting to enlarge the previous award under § 241(a)(2)." <u>Id.</u> at 229. Thus, we concluded that the employee's claim should have been filed as a new and separate action because he re-injured his back and suffered additional anatomical impairment. The employee could not recover benefits for a new injury by re-opening a prior award.

Our opinion in <u>Brewer</u> should not be read to preclude a lawsuit seeking reconsideration of a prior award pursuant to Tennessee Code Annotated section 50-6-241(a)(2) simply because the employee has suffered new work-related injuries and has filed a separate lawsuit seeking compensation for the new injuries. A worker does not forfeit his right to reconsideration simply because he is unlucky enough to have a subsequent work-related injury. <u>See, e.g.</u>, <u>Hayes v. First Source Furniture Group</u>, No. W2004-00742-WC-R3-CV, 2005 WL 914380 (Tenn. Workers' Comp. Panel April 21, 2005) (affirming an enlarged award *and* an award for a new injury). Adopting a contrary rule would be inconsistent with both the principles of statutory construction and the remedial nature of the Workers' Compensation Law. For instance, adopting the Second Injury Fund's construction of <u>Brewer</u> would bar reconsideration of a back injury merely because the worker subsequently injured a finger. The unfairness of such a result is untenable and finds no support in the language of section 50-6-241(a)(2) or, for that matter, common sense. Accordingly, <u>Brewer</u> stands only for the proposition that an employee may not recover for a new injury by seeking to enlarge a prior award. Instead, a new lawsuit must be filed.

In the present case, Clark filed a separate suit for the Third Injury alleging new work-related injuries. Unlike the employee in <u>Brewer</u>, Clark is not attempting to recover for the Third Injury by seeking a reconsideration of the Second Injury under section 50-6-241(a)(2). Rather, Clark's lawsuit for his Third Injury stands on its own. He seeks reconsideration of the award for the Second Injury based upon his original impairment rating for the Second Injury but without regard to the multiplier that originally limited his award. Under Tennessee Code Annotated section 50-6-241(a)(2), an employee may seek reconsideration of a prior award when he is no longer employed by his pre-injury employer. We hold that Clark properly filed his claim for reconsideration of the Second Injury and that <u>Brewer</u> does not bar Clark's claim.

## III. CONCLUSION

We hold that reconsideration of a prior award under Tennessee Code Annotated section 50-6-241(a)(2) is not precluded by a subsequent work-related injury for which the employee seeks compensation. We therefore affirm the trial court's judgment and remand this case for proceedings consistent with this opinion. Costs are taxed to the appellant, the Second Injury Fund.

 

 

_____

JANICE M. HOLDER, JUSTICE
