Pam OGREN, Plaintiff/Appellee,

v.

**HOUSECALL HEALTH CARE, INC. Defendant/Appellant.**

Supreme Court of Tennessee,
Special Workers' Compensation
Appeals Panel.

April 27, 1998.

Linda J. Hamilton Mowles, Lewis, King, Krieg, Waldrop & Catron, P.C., Knoxville, for Defendant/Appellant.

Conrad Finnell, Cleveland, for Plaintiff/Appellee.

*JUDGMENT ORDER*

PER CURIAM.

This case is before the Court upon motion for review pursuant to Tenn.Code Ann. § 50–6–225(e)(5)(B), the entire record, including the order of referral to the Special Workers' Compensation Appeals Panel, and the Panel's Memorandum Opinion setting forth its findings of fact and conclusions of law, which are incorporated herein by reference;

Whereupon, it appears to the Court that the motion for review is not well-taken and should be denied; and

It is, therefore, ordered that the Panel's findings of fact and conclusions of law are adopted and affirmed, and the decision of the Panel is made the judgment of the Court. The Court hereby orders the opinion of the Panel be published.

Costs on appeal are assessed to the appellant.

ANDERSON, J.—Not participating.

Members of Panel: ANDERSON, Chief Justice, JOHN K. BYERS, Senior Judge, and ROGER E. THAYER, Special Judge.

## MEMORANDUM OPINION

This workers' compensation appeal has been referred to the Special Workers' Compensation Appeals Panel of the Supreme Court in accordance with Tenn. Code Ann. § 50–6–225(e)(3) for hearing and reporting to the Supreme Court of findings of fact and conclusions of law.

The trial judge found the plaintiff had sustained a 70 percent permanent vocational impairment as a result of an on-the-job injury.

The defendant says the evidence preponderates against the award of 70 percent and says the trial judge should have limited the award to 2.5 times the medical impairment rating because the plaintiff failed to return to work when she was afforded a job within her medical limitations.

We affirm the judgment of the trial court.

 The undisputed evidence shows the plaintiff was injured on December 16, 1994 as she performed her duties as a certified nursing assistant for the defendant. The plaintiff was assisting a paraplegic patient to dress at the time of the injury. The patient had raised himself on a trapeze bar by his arms and the plaintiff was attempting to dress his lower body. The base of the bar moved onto the plaintiff's left shoe. The plaintiff pushed on the bar to free her foot. The plaintiff heard a "pop" in her left shoulder and began to experience pain in her neck, shoulder, arm, and hand.

It appears the plaintiff had some medical care at Athens Community Hospital; however, there is little in the record concerning this treatment. On March 27, 1995, the plaintiff was seen by Joel B. Ragland, a neurosurgeon in Knoxville. Dr. Ragland conducted examination and testing and found the plaintiff had a rather large disc rupture at C5–6 and C6–7. Dr. Ragland concluded surgery was required for the plaintiff's injury and this was done on April 21, 1995. Dr. Ragland did an anterior cervical diskectomy and fusion on the effected vertebrae.

Dr. Ragland continued to see the plaintiff until October 1995 at which time he released her and found she had suffered a ten percent medical impairment to the body as a whole. Dr. Ragland was of the opinion the plaintiff could return to work with a ten pound lifting restriction.

The ten pound weight restriction Dr. Ragland assessed was based on the recommendation of Peak Performance, Inc., an industrial health and rehabilitation company which reached this conclusion after a functional capacity evaluation was done on the plaintiff. The evaluation asserts that there is a minimum 50 pound lifting restriction for a person working as a certified nursing assistant.

Dr. Donald B. Gibson examined the plaintiff on February 20, 1996 for the purpose of evaluation. Dr. Gibson found the plaintiff had suffered a 20 percent permanent medical impairment to the body as a whole.

The plaintiff testified that she continued to suffer pain in her shoulder, neck, left arm, and left hand and that her ability to perform meaningful work was limited.

The plaintiff was 37 years of age at the time of trial, she had a high school education, and she was trained and licensed as a certified nursing assistant. The plaintiff had worked as a nursing assistant for 13 years prior to her injury, and there is no showing she had any experience or training for any other employment.

The trial judge's findings in this case were based upon the medical evidence presented, which consisted not only of the testimony of Dr. Ragland and Dr. Gibson but also included various medical reports

from various sources. The trial judge also considered the testimony of the plaintiff concerning her physical condition.

We do not find the evidence preponderates against the finding of the trial judge. Further, we do not find the award in this case should be limited by the 2.5 limitation in Tenn.Code Ann. § 50–6–241(a)(1) as the defendant asserts.

The defendant contends the plaintiff was afforded work in the nature of clerical work which included filing papers, etc. and which was within the ten pound medical restriction. The plaintiff testified she was unable to do this work when she returned. Further, the plaintiff says the work was part time and there was no assurance she would be retained by the defendant to do this work.

The only evidence on this issue from the defendant is that the plaintiff was afforded work within the restrictions placed on the plaintiff by Dr. Ragland. There was no evidence presented to show the rate of pay the plaintiff would receive for this work or any evidence concerning the nature of the work, etc. The defendant says the plaintiff's refusal to accept the work offered is unreasonable within the meaning of *Newton v. Scott Health Care Center*, 914 S.W.2d 884 (Tenn.1995), and thus the defendant asserts she should be limited to the 2.5 cap on the award.

The determination of whether or not there has been a meaningful offer of a return to work or whether a plaintiff has unreasonably refused to return to work depends, of course, upon the facts shown in the evidence at trial.

In our view, when an employer wishes to limit the award to the 2.5 limitation of Tenn.Code Ann. § 50–6–241(a)(1), the burden is upon the employer to show, by a preponderance of the evidence, that an offer of a return to work is at a wage equal to or greater than the pre-injury employment and that the work is within the medical restrictions which the medical evidence shows are appropriate for the returning employee. In this case, the defendant has failed to show these conditions exist in its offer of employment.

We conclude therefore the multiplier of six times the medical impairment rating of Tenn.Code Ann. § 50–6–241(a)(1) applies. The medical impairment rating from the two physicians varied from Dr. Ragland's 10 percent to Dr. Gibson's 20 percent. The award of 70 percent vocational disability is supported by the evidence.

ANDERSON, C.J., and ROGER E. THAYER, Special Judge, concur.