IN THE SUPREME COURT OF TENNESSEE
AT NASHVILLE
February 5, 2002 Session

# ROBERT L. POWELL, JR. v. BLALOCK PLUMBING AND ELECTRIC AND HVAC, INC., ET AL.

**Appeal by Permission from the**
**Supreme Court Special Workers' Compensation Appeals Panel**
**Chancery Court for Franklin County**
**No. 16,186    Jeffrey F. Stewart, Chancellor**

---

**No. M2001-00204-WC-WCM-CV - Filed July 12, 2002**

---

The sole issue in this workers' compensation appeal is whether Tenn. Code Ann. § 50-6-241(a)(1) applies to limit the claimant's award of permanent partial disability to two and one-half times the medical impairment rating of 10% to the body as a whole. The trial court determined that the claimant had not made a meaningful return to work and awarded the claimant four times the medical impairment rating, or 40% to the body as a whole. The Special Workers' Compensation Appeals Panel agreed with the trial court's ruling. We granted full court review of this case. After careful consideration, we affirm the trial court's judgment.

**Tenn. Code Ann. § 50-6-225(e); Findings of Fact and Conclusions of Law of**
**the Special Workers' Compensation Appeals Panel Accepted;**
**Judgment of the Trial Court Affirmed**

JANICE M. HOLDER, J., delivered the opinion of the court, in which E. RILEY ANDERSON, J, and PATRICIA J. COTTRELL, SP.J., joined. ADOLPHO A. BIRCH, JR., J, concurring and dissenting. WILLIAM M. BARKER, J, dissenting. FRANK F. DROWOTA, III, C.J., not participating.

David Brett Burrow and Gordon C. Aulgur, Nashville, Tennessee, and Delicia R. Bryant, Knoxville, Tennessee, for the appellants, Blalock Plumbing Electric & HVAC, Inc. and Federated Insurance Company.

Clinton W. Swafford, John Robert Colvin, and Michael D. "Mickey" Hall, Winchester, Tennessee, for the appellee, Robert C. Powell.

**OPINION**

Robert C. Powell, an employee of Blalock Plumbing, Electric & HVAC, Inc. ("Blalock"), injured his back on September 13, 1999, when he fell off a ladder while pulling wire. Dr. Michael Moran performed surgery to repair a herniated disk. Powell returned to work on May 15, 2000, and was released from Dr. Moran's care in July 2000. Dr. Moran assessed a permanent partial impairment of 10% to the body as a whole.

Powell has a ninth grade education and no additional vocational training. At the time of trial he was thirty-eight years of age. Before his injury he was earning $14.00 per hour as a "working foreman." He worked a forty-hour work week and occasional overtime. His job duties required that he occasionally lift up to 200 pounds from floor to waist, frequently lift 45 pounds from floor to overhead, and frequently carry approximately 40 to 80 pounds a distance of 100 yards. In addition, his job required sustained bending, repetitive squatting, and frequent standing, sitting, walking, pushing, and pulling. Powell returned to work on May 15, 2000, as a working foreman at his pre-injury hourly rate. Initially, he worked two to three days a week. At the time of trial, he was working thirty-two hours, or four days, per week. Powell testified that his job duties remain the same, but he is unable to do as much as he was able to do prior to the injury. He cannot lift heavy objects or pull wire and can only perform the minor, smaller tasks. Powell testified that he has difficulty bending, stooping, twisting, standing for long periods of time, and walking long distances. He also continues to experience back pain on a daily basis and a burning sensation in his left foot that increases as the day progresses. Powell testified that on some days he has to take prescription pain medication to "tough it out" and finish his day's work. On other days the pain prevents him from working at all.

Although Powell continued to earn the same hourly wage after his injury, the trial court held that Powell did not have a meaningful return to work. Accordingly, the trial court declined to limit the employee's award to two and one-half times the medical impairment rating. The trial court awarded Powell four times the medical impairment rating, or 40% permanent partial disability benefits to the body as a whole. Blalock appealed, and the appeal was referred to the Special Workers' Compensation Appeals Panel pursuant to Tenn. Code Ann. § 50-6-225(e)(3). The Panel agreed with the trial court's ruling. We granted Blalock's petition for full Court review pursuant to Tenn. Code Ann. § 50-6-225(e)(5).

ANALYSIS

In determining vocational disability, a court is required to consider "all pertinent factors, including lay and expert testimony, employee's age, education, skills and training, local job opportunities, and capacity to work at types of employment available in claimant's disabled condition." Tenn. Code Ann. § 50-6-241(a)(1). An injured employee who is eligible to receive permanent partial disability benefits may receive a maximum of two and one-half times the medical impairment rating when the pre-injury employer "returns the employee to employment at a wage

equal to or greater than the wage the employee was receiving at the time of the injury." Id.[1] We have held that the employee's return to work must be "meaningful." To determine whether there was a meaningful return to work, we must focus on the reasonableness of the employer in attempting to return the employee to work and the reasonableness of the employee in failing to return to work. Nelson v. Wal-Mart Stores, Inc., 8 S.W.3d 625, 630 (Tenn. 1999); Newton v. Scott Health Care Ctr., 914 S.W.2d 884, 886 (Tenn. Workers' Comp. Panel 1995). When there has been no meaningful return to work, the workers' compensation award is governed by Tenn. Code Ann. §50-6-241(b),[2] and the employee may be awarded up to six times the medical impairment rating.

When Powell returned to Blalock, he was paid at the same hourly rate, $14.00 per hour. At the time of trial, he was working four days, or 32 hours, per week. We must therefore determine 1) whether Blalock returned Powell to employment at "a wage equal to or greater than the wage" Powell was receiving at the time of his injury, and 2) whether Powell's return to work was a meaningful one.

Blalock insists that Powell was returned to work at "a wage equal to or greater than the wage" Powell was receiving at the time of the injury because Powell was receiving $14.00 per hour prior to the injury and was returned to work at the same rate of pay. The term "wage" is undefined in the worker's compensation statute. See Tenn. Code Ann. § 50-6-102. In Wilkins v. The Kellogg Co., 48 S.W.3d 148 (Tenn. 2001), this Court considered the meaning of the term "wage" in construing the temporary partial disability statute, Tenn. Code Ann. § 50-6-207(2) (requiring payments equal to a percentage of "the difference between the wage of the worker at the time of injury and the wage such worker is able to earn in such worker's partially disabled condition."). We held in Wilkins that the terms "wage" and "average weekly wage" are not synonymous. Wilkins, 48 S.W.3d at 152-53. Average weekly wage is defined as "the earnings of the injured employee in the employment in which the injured employee was working at the time of the injury during the period of fifty-two (52) weeks immediately preceding the date of the injury divided by fifty-two (52). . . ." Tenn. Code Ann.§ 50-6-102(2)(A). It includes amounts such as overtime, bonuses, and commissions in addition to the employee's regular pay. Wilkins, 48 S.W.3d at 153; see also P&L Const. Co. v. Lankford, 559 S.W.2d 793, 795 (Tenn. 1978).

---

[1] "[W]here an injured employee is eligible to receive any permanent partial disability benefits, . . . and the pre-injury employer returns the employee to employment at a wage equal to or greater than the wage the employee was receiving at the time of injury, the maximum permanent partial disability award that the employee may receive is two and one-half (21/2) times the medical impairment rating. . . ." Tenn. Code Ann. § 50-6-241(a)(1).

[2] "[W]here an injured employee is eligible to receive permanent partial disability benefits, . . . and the pre-injury employer does not return the employee to employment at a wage equal to or greater than the wage the employee was receiving at the time of injury, the maximum permanent partial disability award that the employee may receive is six (6) times the medical impairment rating. . . ."

In contrast to the term "average weekly wage," however, the legislature used the term "wage" in determining the amount of temporary partial disability benefits available to an injured employee. Tenn. Code Ann. § 50-6-207(2); see also Wilkins, 48 S.W.3d at 152. When the legislature uses specific language in one section of a statute but omits that language in another section of the same act, we must presume that the legislature acted purposefully in including or excluding that particular language. Wilkins, 48 S.W.3d at 152; Bryant v. Genco Stamping & Mfg. Co., 33 S.W. 3d 761, 765 (Tenn. 2000).

The term "wage" is also used in determining the maximum award of permanent partial disability benefits available to an employee, like Powell, who suffers an injury to the body as a whole. Tenn. Code Ann. § 50-6-241. Based upon our reasoning in Wilkins, we must conclude that the term "wage" in § 50-6-241 does not mean "average weekly wage." Instead, the wage of an employee who is compensated on an hourly basis is the employee's hourly rate of pay.

Our inquiry, however, does not end here. We must also consider whether Powell's return to work constituted a meaningful one. In making this determination, we must assess "the reasonableness of the employer in attempting to return the employee to work and the reasonableness of the employee in failing to return to work." Nelson, 8 S.W.3d at 630 (quoting Newton, 914 S.W.2d at 886). If the employer's offer to return the employee to work is not reasonable in light of the circumstances of the employee's physical ability to perform the offered employment, the offer is not meaningful. Id. On the other hand, an employee who unreasonably refuses an offer to return to work will be limited to a disability rating of two and one-half times the medical impairment rating. Id.

Blalock submits that the two-and-one-half-times cap should apply because Powell unreasonably reduced his working hours at Blalock to supervise construction at Powell's own general contracting business. Although Powell's wife testified that he was working four hours every evening and additional hours on weekends at his personal business, Powell specifically refuted this testimony. Powell testified that he did little actual work for his construction business after sustaining his injury and that he received no profit from the work he performed there. In fact, Powell estimated that after his injury he had reduced the number of hours he worked on his side business by approximately ninety-five percent. Powell's father corroborated his son's testimony, stating that Powell only occasionally checks on his construction workers' progress in the evening. The trial court heard and saw the witnesses who testified and was in the best position to determine the reasonableness of Powell's reduction in working hours. Raines v. Shelby Williams Indus., Inc., 814 S.W.2d 346, 349 (Tenn. 1991) ("Where the trial judge has seen and heard witnesses, especially where issues of credibility and weight of oral testimony are involved, on review considerable deference must still be accorded to those circumstances."). We disagree with the dissent's attempt to reweigh the credibility of the witnesses' testimony on the cold record in this case. In short, the evidence preponderates in favor of Powell's assertion that he reduced his working hours due to pain associated with his injury.

-4-

Given the circumstances in this case, we cannot conclude that Powell's decision to work four-days a week was an unreasonable refusal to return to work. We, therefore, hold that the evidence does not preponderate against the trial court's ruling that Powell's return to a four-day week was not a meaningful return to work. See Mannery v. Wal-Mart Distrib. Ctr., 69 S.W.3d 193, 196 (Tenn. 2002) (standard of review in a workers' compensation case is de novo upon the record, accompanied by a presumption of correctness of the trial court's findings unless the evidence preponderates against those findings). This holding, however, does not preclude a finding of a meaningful return to work in every case in which an employee maintains fewer work hours post-injury than were maintained pre-injury.

## CONCLUSION

We hold that the term "wage" in Tenn. Code Ann. § 50-6-241(a)(1) means the hourly rate of pay for an employee who is compensated on an hourly basis. The statutory cap under § 50-6-241(a)(1) does not apply, however, unless the employee's return to work is a meaningful return. We hold that the evidence does not preponderate against the trial court's finding that Powell's return to a four-day work week was not a meaningful return to work. We therefore affirm the trial court's award of benefits in this case. Costs of this appeal are taxed to the appellants, Blalock Plumbing, Electric & HVAC, Inc. and Federated Insurance Company, for which execution may issue if necessary.

_____
JANICE M. HOLDER, JUSTICE