

**FILED**

**September 27, 2016**

**TENNESSEE
WORKERS' COMPENSATION
APPEALS BOARD**

**Time: 8:00 A.M.**



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
## WORKERS' COMPENSATION APPEALS BOARD

| | |
|---|---|
| Robert Dennis, Jr. | ) Docket No. 2015-01-0184 |
| | ) |
| v. | ) State File No. 43330-2015 |
| | ) |
| Polymer Components, et al. | ) |
| | ) |
| | ) |
| Appeal from the Court of Workers' | ) |
| Compensation Claims | ) |
| Audrey A. Headrick, Judge | ) |

---

### Affirmed and Remanded—Filed September 27, 2016

---

In this second interlocutory appeal of this case, the employer challenges the trial court's award of temporary disability benefits to the employee who suffered an injury to his knee when he stepped in a hole and fell on the employer's property while walking to his vehicle during a break. The employee has not worked since his injury, although the employer asserts it offered to accommodate his medical restrictions. The trial court ordered past temporary total and temporary partial disability benefits, as well as the payment of ongoing benefits until the employee returns to work, is released without restrictions, or is placed at maximum medical improvement. The employer has appealed, asserting that the evidence does not support the trial court's decision. We affirm and remand the case.

Presiding Judge Marshall L. Davidson, III, delivered the opinion of the Appeals Board in which Judge David F. Hensley and Judge Timothy W. Conner joined

Gordon C. Aulgur, Lansing, Michigan, for the employer-appellant, Polymer Components

William J. Brown, Cleveland, Tennessee, for the employee-appellee, Robert Dennis, Jr.

### Factual and Procedural Background

Robert Dennis, Jr. ("Employee"), was employed by Polymer Components ("Employer") when he stepped in a hole on Employer's premises on June 3, 2015. The incident occurred when Employee was walking to his truck while on a routine break.

1

Rather than use the steps outside the facility's door and walk on the sidewalk, he cut across a grassy area and stepped in a hole and fell, injuring his right knee, shoulder, and ribs. He was taken to a hospital where he was diagnosed with a right knee sprain, shoulder sprain, and a chest wall contusion. Employee has not worked since.

The following morning, Employee was unable to walk and sought authorization from Employer to seek additional care. Employer authorized Employee to go to Doctors Express, a walk-in clinic, where he was seen by Dr. Victoria Folsom. Dr. Folsom took Employee off work and ordered an MRI. Employee returned to Dr. Folsom the following day, June 5, 2015, to discuss the results of the MRI. Dr. Folsom diagnosed a torn lateral meniscus and possible torn medial meniscus and referred Employee for an orthopedic evaluation. Dr. Folsom made no comment regarding Employee's work status at the office visit on June 5.

Employer subsequently provided Employee a panel of physicians from which he chose Dr. Chad Smalley and with whom an appointment was scheduled. However, prior to the appointment, Employer denied the claim on the basis that the "[c]laim is under investigation and a compensability decision cannot be made at this time." Employee filed a petition for benefit determination and the trial court conducted an evidentiary hearing at which Employee and Employer's owner, Ralph Brett, testified. The trial court found Employee had presented sufficient proof to establish that he was likely to succeed at trial and ordered medical treatment. Employer appealed, and we affirmed the trial court's order on January 29, 2016.

The trial court had determined Employee could either treat with Dr. Smalley or select a doctor from another panel of physicians. In compliance with this order, Employer offered a second panel of physicians. However, one of the physicians on the panel did not take workers' compensation patients, and Employee requested to be allowed to treat with Dr. Smalley. Although Employer scheduled an appointment with Dr. Smalley, Employee, for reasons not disclosed in the record, was seen by another physician, Dr. Matthew Bernard. Dr. Bernard opined Employee was not a suitable candidate for knee replacement surgery.

Employee did not see Dr. Bernard again and ultimately came under the care of Dr. John Gracy, whom he first saw on April 21, 2016. Dr. Gracy agreed with Dr. Folsom's diagnoses of lateral and medial meniscal tears in the right knee and recommended surgery and physical therapy. Dr. Gracy observed that Employee had "been unable to work at all since the injury." Dr. Gracy "carefully explained to [Employee] that the arthritis was not work related but that [he] could not tell how much of [Employee's] symptoms were meniscal (work) vs. arthritis (non-work)." Dr. Gracy opined that Employee's medial and lateral meniscal tears were "the result of [an] accident that arose primarily out of and in the course of employment." He returned Employee to work with restrictions of sitting with his foot and leg elevated, alternate sitting and standing, and

2

"walk[ing] short distances with crutches." On a "Certificate to Return to Work" dated May 3, 2016, Dr. Gracy opined Employee could return to sedentary work with restrictions, no climbing, ambulating with crutches, and no driving from May 23, 2016 to June 2, 2016.

Dr. Gracy performed surgery on May 23, 2016, and saw Employee twice after that procedure. At each visit, Dr. Gracy encouraged Employee to wean himself off the crutches, instructed him to continue physical therapy, and returned him to sedentary work with his foot elevated.

Employee requested temporary disability benefits from June 4, 2015, to the present and ongoing, maintaining that he was unable to return to work as a result of his knee injury. At the second expedited hearing, Employee and Mr. Brett agreed that they had discussed Employee's return to work and, in general, agreed on the substance of those discussions. Each acknowledged that the conversations had been vague with no talk of what jobs Employer had available for Employee, and Mr. Brett acknowledged that he had not reviewed Employee's records to determine whether Employer could, in fact, accommodate the medical restrictions.

In his testimony, Employee detailed multiple reasons why he felt Employer was unable to accommodate his restrictions. The layout of the various workstations, the presence and number of stairs, the configuration of the facility, the size of the restrooms, and other factors played a role in forming Employee's opinion that he was unable to return to work within his restrictions.

The trial court awarded Employee temporary total disability benefits from June 4, 2015 to April 21, 2016, on the basis that Dr. Folsom took Employee completely off work June 4, 2015, and that the restriction had not been lifted or altered until Employee saw Dr. Gracy on April 21, 2016. The trial court also awarded temporary partial disability benefits from April 22, 2016 to August 9, 2016, and ongoing, on the basis that Employer had failed to make a reasonable offer to return Employee to work within his restrictions. Employer has appealed.

## Standard of Review

The standard we apply in reviewing a trial court's decision is statutorily mandated and limited in scope. Specifically, "[t]here shall be a presumption that the findings and conclusions of the workers' compensation judge are correct, unless the preponderance of the evidence is otherwise." Tenn. Code Ann. § 50-6-239(c)(7) (2015). The trial court's decision may be reversed or modified if the rights of a party "have been prejudiced because findings, inferences, conclusions, or decisions of a workers' compensation judge:

(A)  Violate constitutional or statutory provisions;

3

(B)     Exceed the statutory authority of the workers' compensation judge;

(C)     Do not comply with lawful procedure;

(D)     Are arbitrary, capricious, characterized by abuse of discretion, or clearly an unwarranted exercise of discretion; or

(E)     Are not supported by evidence that is both substantial and material in the light of the entire record."

Tenn. Code Ann. § 50-6-217(a)(3) (2015).

## Analysis

Employer argues there is insufficient medical proof to establish that Employee is entitled to temporary disability benefits, taking the position that Dr. Folsom's failure to document specific work restrictions on June 5, 2015, amounted to her lifting all work restrictions. Further, Employer asserts that it offered to return Employee to work, that it could have accommodated his restrictions, and that Employee was unreasonable in his failure to return to work. Employer also argues that Employee is not credible and has offered only excuses for why he believes he cannot perform the offered work.

It is well-settled that an injured worker has the burden of proof on every essential element of his or her claim. Tenn. Code Ann. § 50-6-239(c)(6) (2015); *see also Buchanan v. Carlex Glass Co.*, No. 2015-01-0012, 2015 TN Wrk. Comp. App. Bd. LEXIS 39, at *5 (Tenn. Workers' Comp. App. Bd. Sept. 29, 2015). However, at an expedited hearing, an employee need not prove every element of his or her claim by a preponderance of the evidence but must come forward with sufficient evidence from which the trial court can determine that the employee is likely to prevail at a hearing on the merits consistent with Tennessee Code Annotated section 50-6-239(d)(1) (2014). *McCord v. Advantage Human Resourcing*, No. 2014-06-0063, 2015 TN Wrk. Comp. App. Bd. LEXIS 6, at *9 (Tenn. Workers' Comp. App. Bd. Mar. 27, 2015). This lesser evidentiary standard "does not relieve an employee of the burden of producing evidence of an injury by accident that arose primarily out of and in the course and scope of employment at an expedited hearing, but allows some relief to be granted if that evidence does not rise to the level of a 'preponderance of the evidence.'" *Buchanan*, 2015 TN Wrk. Comp. App. Bd. LEXIS 39, at *6.

## A.

To receive temporary total disability benefits, an employee must prove: (1) total disability from working as the result of a compensable injury; (2) a causal connection between the injury and the inability to work; and (3) the duration of the period of disability. *James v. Landair Transp., Inc.*, No. 2015-02-0024, 2015 TN Wrk. Comp. App. Bd. LEXIS 28, at *16 (Tenn. Workers' Comp. App. Bd. Aug. 26, 2015). Here, the trial court found that Dr. Folsom's June 4, 2015 report restricting Employee from work

4

had not been lifted or altered prior to Employee's visit with Dr. Gracy on April 21, 2016. The evidence does not preponderate against this finding. Employee returned to Dr. Folsom on June 5, 2015, at which time she reviewed the MRI results, determined Employee had suffered torn medial and lateral menisci, and referred him for orthopedic consultation. While she did not indicate at that time Employee was to remain off work, she also made no mention of Employee's ability to return to work and did not document any alternate restrictions different from the day before. Dr. Folsom's failure to comment on restrictions can reasonably be interpreted to be a continuation of the restrictions she assigned the previous day. Accordingly, the trial court's award of temporary total disability benefits from June 4, 2015 to April 21, 2016 is affirmed.

**B.**

An injured worker may be entitled to temporary partial disability benefits when the temporary disability resulting from a work-related injury is not total. *See* Tenn. Code Ann. § 50-6-207(1)-(2) (2015). As the Tennessee Supreme Court's Special Workers' Compensation Appeals Panel has observed, "[t]emporary partial disability refers to the time, if any, during which the injured employee is able to resume some gainful employment but has not reached maximum recovery." *Williams v. Saturn Corp.*, No. M2004-01215-WC-R3-CV, 2005 Tenn. LEXIS 1032, at *6 (Tenn. Workers' Comp. Panel Nov. 15, 2005). The concept of a meaningful return to work is more fully developed in the context of disputes concerning awards of permanent disability benefits, but courts use a similar analytical framework to determine whether an employee is entitled to temporary partial disability benefits in the face of an offer of light duty work. *Hackney v. Integrity Staffing Solutions*, No. 2016-01-0091, 2016 TN Wrk. Comp. App. Bd. LEXIS 29, at *12-13 (Tenn. Workers' Comp. App. Bd. July 22, 2016).

In addressing whether an injured worker makes a meaningful return to work, the Tennessee Supreme Court's Special Workers' Compensation Appeals Panel has observed:

> There will be a variety of factual situations wherein the courts will be required to construe the meaning of the words [meaningful return to work]. The ultimate resolution of their meaning will be leavened by an assessment of the reasonableness of the employer in attempting to return the employee to work and the reasonableness of the employee in failing to return to work.

*Newton v. Scott Health Care Ctr.*, 914 S.W.2d 884, 886 (Tenn. Workers' Comp. Panel 1995). If an injured worker is unable to continue working because of the injury, there generally will not have been a meaningful return to work. *Suits v. Mars*, No. E2004-02368-WC-R3-CV, 2005 Tenn. LEXIS 823, at *10-11 (Tenn. Workers' Comp. Panel Oct. 5, 2005). "However, if the employee returns to work and sometime thereafter stops working due to personal reasons or other reasons not related to the work injury, then such

5

circumstances are considered as making a meaningful return to work." *Id.* at *11. Ultimately, "[t]he resolution of what is reasonable must rest upon the facts of each case and be determined thereby." *Newton*, 914 S.W.2d at 886.

In this case, both parties acknowledged having discussions regarding whether Employee would be returning to work. Those discussions were vague, and Mr. Brett indicated he was unaware of what specific restrictions Employee had. Employee provided testimony regarding why he felt he could not perform the jobs suggested, and he described difficulties he would have functioning in Employer's facility, including difficulties walking, climbing stairs, and negotiating small bathroom stalls.

Employer argues there are no restrictions limiting Employee's ability to walk or climb stairs and no restrictions relating to his ability to use Employer's restroom. However, Dr. Gracy's work restriction of "sedentary work with leg elevated" could reasonably be interpreted to indicate Employee cannot walk long distances or climb stairs on a regular basis. Employee's testimony regarding using the restroom while at work concerned his ability to maneuver in the stall with an injured leg and crutches and his ability to sit and stand without assistive devices. The trial court found Employee to be a credible witness, and that finding is entitled to deference on appeal. *See Tryon v. Saturn Corp.*, 254 S.W.3d 321, 327 (Tenn. 2008). Based upon our review of the record, we conclude the evidence does not preponderate against the trial court's conclusion that Employee's actions in failing to return to work were reasonable. The award of temporary partial disability benefits is affirmed.

## Conclusion

For the foregoing reasons, we hold that the evidence does not preponderate against the trial court's decision. Nor does the trial court's decision violate any of the standards set forth in Tennessee Code Annotated section 50-6-217(a)(3). Accordingly, the trial court's decision is affirmed and the case is remanded for any further proceedings that may be necessary.

6



**FILED**

**September 27, 2016**

**TENNESSEE
WORKERS' COMPENSATION
APPEALS BOARD**

**Time: 8:00 A.M.**

**TENNESSEE BUREAU OF WORKERS' COMPENSATION
WORKERS' COMPENSATION APPEALS BOARD**

| | | |
|---|---|---|
| Robert Dennis, Jr. | ) | Docket No.    2015-01-0184 |
| | ) | |
| v. | ) | State File No.  43330-2015 |
| | ) | |
| Polymer Components, et al. | ) | |

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the Appeals Board's decision in the referenced case was sent to the following recipients by the following methods of service on this the 27th day of September, 2016.

| Name | Certified Mail | First Class Mail | Via Fax | Fax Number | Via Email | Email Address |
|---|---|---|---|---|---|---|
| William J. Brown | | | | | X | wjb@vollaw.com |
| Gordon Aulgur | | | | | X | gordon.aulgur@accidentfund.com |
| Audrey A. Headrick, Judge | | | | | X | Via Electronic Mail |
| Kenneth M. Switzer, Chief Judge | | | | | X | Via Electronic Mail |
| Penny Shrum, Clerk, Court of Workers' Compensation Claims | | | | | X | Penny.Patterson-Shrum@tn.gov |

*Matthew Salyer*

Matthew Salyer
Clerk, Workers' Compensation Appeals Board
220 French Landing Dr., Ste. 1-B
Nashville, TN 37243
Telephone: 615-253-1606
Electronic Mail: Matthew.Salyer@tn.gov