**FILED**
**Oct 21, 2024**
**01:53 PM(CT)**
**TENNESSEE**
**WORKERS' COMPENSATION**
**APPEALS BOARD**



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
## WORKERS' COMPENSATION APPEALS BOARD

| | |
|---|---|
| Bibiane Francoeur | ) Docket No.     2024-10-1841 |
| | ) |
| v. | ) State File No.  2194-2024 |
| | ) |
| Amerimed Medical Solutions, LLC, et al. | ) |
| | ) |
| | ) |
| Appeal from the Court of Workers' | ) Heard October 1, 2024 |
| Compensation Claims | ) in Knoxville |
| Audrey A. Headrick, Judge | ) |

---

### Reversed and Remanded

---

This interlocutory appeal presents an issue of first impression. Following a compensable work accident, the authorized treating physician restricted the employee from engaging in certain activities, including driving. The employer offered a light duty position that it asserted complied with all work-related restrictions. The employee declined to accept the light duty job offer because she was unable to get to and from work due to the no-driving restriction. In response, the employer terminated temporary disability benefits, asserting it had offered the employee a reasonable light duty position that complied with all work-related restrictions, and it had no legal obligation to get the employee to and from work. The trial court disagreed and ordered the employer to reinstate temporary disability benefits as of the date the physician assigned the no-driving restriction, and the employer has appealed. Upon careful consideration of the record and arguments of counsel, we reverse the trial court's order and remand the case.

Presiding Judge Timothy W. Conner delivered the opinion of the Appeals Board in which Judge Pele I. Godkin and Judge Meredith B. Weaver joined.

Richard R. Clark, Jr., and Emily M. White, Nashville, Tennessee, for the employer-appellant, Amerimed Medical Solutions, LLC

Peter Frech, Nashville, Tennessee, for the employee-appellee, Bibiane Francoeur

### Factual and Procedural Background

This case presents an issue of first impression. For purposes of this appeal, the facts of the case are largely undisputed. On January 9, 2024, Bibiane Francoeur

1

("Employee"), a resident of Meigs County, Tennessee, was working within the course and scope of her employment with Amerimed Medical Solutions, LLC ("Employer"), a provider of medical and family assistance services. While Employee was assisting a client in an electric wheelchair, Employee was pushed into a wall when the wheels of the chair were driven over both of her feet. She reported injuries to both feet and her low back. Following a period of authorized medical care, Employee's treating physician, Dr. Michael Tompkins, diagnosed Employee with crush injuries to both feet and complex regional pain syndrome in her left leg. On May 9, 2024, Dr. Tompkins assigned certain work restrictions that included "sitting job with foot/leg elevated" and "no driving."

On May 13, 2024, Employer sent a letter to Employee that offered a "transitional duty position that accommodates your physical restrictions." The letter instructed Employee to contact a certain Employer representative to schedule her return to work. Employee declined the job offer because Dr. Tompkins had restricted her from driving, and, according to her, she had no way to transport herself to and from work. Thereafter, Employer terminated Employee's temporary disability benefits based on its assertions that it had offered Employee a reasonable transitional duty position and that it had no obligation to transport Employee to and from work.

Employee then filed a request for hearing seeking reinstatement of benefits and asked the court to decide the issue based on its review of the record without holding an evidentiary hearing. Employer objected, arguing that a hearing "will allow the parties a greater opportunity to delineate the relevant case law and statutory authority." In June 2024, the court issued a docketing notice in which it concluded that "an in-person hearing [was] unnecessary to decide the legal issue presented." The court then set deadlines for each party to present any objections to the documents listed in the docketing notice and/or present any other evidence for the court's consideration.

In its July 29, 2024 order, the trial court reasoned that "a work injury resulting in a no-driving restriction changes the obligations of the employer." The court then determined that Employer's transitional duty job offer was "unreasonable, as it only accommodated part of the restrictions." The court concluded, "Only an offer that also provided transportation would completely comply with the restrictions." As a result, it ordered Employer to pay temporary total disability benefits for May 8, 2024, and temporary partial disability benefits from May 9 forward, "until she is no longer eligible for them." Employer has appealed.

## Standard of Review

The standard we apply in reviewing the trial court's decision presumes that the court's factual findings are correct unless the preponderance of the evidence is otherwise. *See* Tenn. Code Ann. § 50-6-239(c)(7) (2023). In circumstances where there is no witness testimony, "[n]o . . . deference need be afforded the trial court's findings based

2

upon documentary evidence." *Goodman v. Schwarz Paper Co.*, No. W2016-02594-SC-R3-WC, 2018 Tenn. LEXIS 8, at *6 (Tenn. Workers' Comp. Panel Jan. 18, 2018). Similarly, the interpretation and application of statutes, rules, and regulations are questions of law that are reviewed de novo with no presumption of correctness afforded the trial court's conclusions. *See Mansell v. Bridgestone Firestone N. Am. Tire, LLC*, 417 S.W.3d 393, 399 (Tenn. 2013). We are also mindful of our obligation to construe the workers' compensation statutes "fairly, impartially, and in accordance with basic principles of statutory construction" and in a way that does not favor either the employee or the employer. Tenn. Code Ann. § 50-6-116 (2023).

## Analysis

Workers' compensation law is a creature of statute, and the rights and responsibilities of the parties are derived solely from the statutes. *Cooper v. Logistics Insight Corp.*, 395 S.W.3d 632, 640 (Tenn. 2013). Therefore, any obligation imposed on an employer in a workers' compensation case must be derived from a statute, a regulation, or binding precedent interpreting such statutes or regulations. *Id.* at 639; *see also Curtis v. G.E. Capital Modular Space*, 155 S.W.3d 877 (Tenn. 2005) ("[S]tatutes are to be read and applied "both from their plain language and from prior case law interpretations.").

### *Work-Related Travel*

With respect to work-related travel, the Tennessee Supreme Court and its Special Workers' Compensation Appeals Panel have considered the issue extensively. It is well settled that, generally, an employee's commute to and from work is not within the course of employment. *See, e.g.*, *Autwell v. Back Yard Burgers, Inc.*, No. W2014-00232-SC-R3-WC, 2015 Tenn. LEXIS 185, at *10-11 (Tenn. Workers' Comp. Panel Mar. 16, 2015). However, as the Appeals Panel explained in *Autwell*, injuries that occur when an employee is traveling to and from work *are* compensable "if the travel itself is a substantial part of the services for which the employee was employed and compensated." *Id.* at *12 (internal quotation marks and citations omitted). The Court then stated, "This is known as the traveling-employee exception to the coming-and-going rule." *Id.*

In applying the "traveling employee exception" to the general rule of non-compensability, the Tennessee Supreme Court has concluded that a contract provision providing for "travel reimbursement" was sufficient to remove the case from the general rule of non-compensability in coming-and-going cases. *Pool v. Metric Constructors, Inc.*, 681 S.W.2d 543, 544 (Tenn. 1984); *see also Smith v. Royal Globe Ins. Co., Inc.*, 551 S.W.2d 679, 681 (Tenn. 1977) ("[T]he employment imposes the duty upon the employee to go from place to place at the will of the employer . . . and the risks of travel are directly incident to the employment itself.")

In *Howard v. Cornerstone Med. Assoc., P.C.*, 54 S.W.3d 238 (Tenn. 2001), the Supreme Court discussed limits to the traveling employee exception. The employee in *Howard* was required as part of his job to visit patients at several area medical facilities. *Id.* at 239. On the date of the accident, while traveling from his home to one such facility in his personal vehicle, he was involved in a motor vehicle accident resulting in injuries. *Id.* The trial court granted summary judgment to the employer based on the coming-and-going rule, but the Appeals Panel reversed. *Id.* On further appeal, however, the Supreme Court reversed the Appeals Panel and reinstated the judgment of the trial court in favor of the employer. *Id.* In explaining its decision, the Supreme Court explained:

> [T]ravel to and from work is not, ordinarily, a risk of employment. Rather, driving to work falls into the group of all those things a worker must do in preparation for the workday, such as dressing; and driving home from work is often a prerequisite to getting home. While this travel is some modicum of benefit to the employer, *travel to and from work is primarily for the benefit of the employee*: if he doesn't present himself at the workplace, he is not compensated for his labors.

*Id.* at 241 (emphasis added). The Court then concluded: "We find nothing in the present case to distinguish it from . . . cases in which Tennessee courts have denied benefits for injuries received during travel to and from work." *Id.* at 242. *See also Calderon v. Auto Owners Ins. Co.*, No. M2015-01707-SC-R3-WC, 2016 Tenn. LEXIS 813, at *11 (Tenn. Workers' Comp. Panel Oct. 24, 2016) (holding employer not responsible for providing transportation for "errands" or other basic "necessities of life").

More recently, in *Pillow v. State*, No. M2019-02274-SC-R3-WC, 2020 Tenn. LEXIS 596 (Tenn. Workers' Comp. Panel Dec. 11, 2020), an employee was injured when she was struck by a bus she had been riding to get to work. Her presence on the bus that day was the result of an employer-sponsored benefit called the "Smart Commute Swipe and Ride Program," which provided a free transit pass to participating employees. *Id.* at *2. In support of her claim for workers' compensation benefits, the employee argued that her employer had essentially brought the commute to and from work within the course and scope of her employment by providing the transit pass as an employment-related benefit. *Id.* at *4-5. In response, the employer argued that using the free transit pass to get to and from work "was not an integral part of her job nor was she performing a special assignment or task" for the employer. *Id.* at *6. They further argued that the free transit pass was merely "an alternate travel arrangement facilitated by" her employer, but the employee could use whatever mode of transportation she chose for her commute. *Id.*

In rejecting the employee's argument in *Pillow*, the Workers' Compensation Appeals Panel noted that the employee "was left in control of choosing her own transportation to and from work." *Id.* at *18. It further accepted the employer's argument that "traveling to and from her office was not a substantial part of the services

4

for which [the employee] was employed." *Id.*; *see also Smith v. Macy's Corp. Servs.*, No. 2018-06-0810, 2019 TN Wrk. Comp. App. Bd. LEXIS 2, at *11 (Tenn. Workers' Comp. App. Bd. Jan. 8, 2019) (an employee's commute was not a substantial part of the service for which the employee was employed and compensated).

*Travel Following a Work-Related Injury*

There is a single statutory provision that addresses an employee's travel following a work-related injury. Tennessee Code Annotated section 50-6-204(a)(4)(A) states that "[w]hen an injured worker is required by the worker's employer to travel to an authorized medical provider or facility located outside a radius of fifteen (15) miles from the injured worker's residence or workplace, then, upon request, the employee shall be reimbursed for reasonable travel expenses." However, no such reimbursement is owed for travel to and from medical appointments within a fifteen-mile radius of the employee's residence or workplace. *See Gentry v. Arapazuma, Inc.*, No. 2019-06-2140, 2022 TN Wrk. Comp. App. Bd. LEXIS 30, at *18 (Tenn. Workers' Comp. App. Bd. July 19, 2022). In addition, there are no statutory provisions that speak to an employer's obligations to provide or reimburse an injured worker's travel to and from work. Finally, we found no regulations that address an injured worker's travel, and none have been cited to us.

*Return to Work Offer*

Next, we note that, in circumstances where an injured employee is released to return to restricted duty, and the employer makes a return-to-work offer that is declined by the employee, a court is to assess "the reasonableness of the employer in attempting to return the employee to work and the reasonableness of the employee in failing to return to work." *Dennis v. Polymer Components*, No. 2015-01-0184, 2016 TN Wrk. Comp. App. Bd. LEXIS 47, at *11 (Tenn. Workers' Comp. App. Bd. Sept. 27, 2016).

In *Newton v. Scott Health Care Ctr.*, 914 S.W.2d 884, 886 (Tenn. 1995), the Workers' Compensation Appeals Panel considered whether an injured employee was reasonable in declining a job offer. Upon being released to return to work, the employee requested that she be returned to her pre-injury shift so that she could also return to a second job she had worked prior to the injury. *Id.* at 885. The employer responded that they could not accommodate that request, but offered her three alternative shifts to choose from, which she declined. *Id.* In rejecting the employee's claim that she had not made a meaningful return to work, the Appeals Panel concluded that the employee's refusal to return to work was unreasonable, and it denied the employee's claim for additional disability benefits. *Id.* at 886. Similarly, in *Hackney v. Integrity Staffing Solutions, Inc.*, No. 2016-01-0092, 2016 TN Wrk. Comp. App. Bd. LEXIS 29, at *13 (Tenn. Workers' Comp. App. Bd. July 22, 2016), we noted that if the reason an employee is unable to return to work is "personal" or "not related to the work injury," such circumstances do not support an award of temporary disability benefits.

The present case hinges on whether it is reasonable to require an employer to accommodate every restriction assigned by a treating physician, even if such restrictions are wholly unrelated to the employee's job duties. On appeal, Employee argued that our previous holding in *Dennis v. Polymer Components* supports the contention that an employer must accommodate all restrictions for the job offer to be deemed reasonable. We are unpersuaded that *Dennis* applies to the case at hand. In *Dennis*, the employee's physician restricted him to sedentary work and from driving. *Dennis*, 2016 TN Wrk. Comp. App. Bd. LEXIS 47, at *4. The employee also was required to use crutches. *Id.* Although the employer and the employee had a vague discussion about returning the employee to work, no formal job offer was made, and the employer testified he was uncertain of the actual restrictions in place. *Id.* at *5. The trial court found the employee had testified credibly that he was concerned about maneuvering on crutches around the workspace, including the stairs, as well as small spaces like the restroom, and it awarded the employee temporary benefits. *Id.* at *13. We gave deference to the trial court's assessment of the employee's credibility, and we affirmed the trial court's determination that the employee was reasonable in not returning to work under the circumstances presented in that case. *Id.* at *12. As relevant to the present case, however, our opinion in *Dennis* did not rely to any degree on the employee's no-driving restriction.

Here, unlike in *Dennis*, a formal return-to-work offer was made that accommodated Employee's work-related restrictions. There is no evidence in the record that driving was an essential function of the job. Moreover, there is nothing in the workers' compensation statutes, regulations, or precedent mandating that an employer provide an injured worker transportation to and from work in circumstances where the employee is restricted from driving due to a work-related injury but driving is not part of that employee's job. Instead, if an employer wants to limit or eliminate the employee's entitlement to additional temporary disability benefits, it must make a reasonable return-to-work offer that accommodates every restriction assigned by the authorized treating physician that impacts the employee's ability to do the essential functions of that job. If the employee declines any such job offer, he or she must prove to the court that the decision was reasonable in light of the circumstances of the case. Given the plethora of case law indicating that an employee's commute is generally not within the course of employment and, unless otherwise specified, is not an employment-related benefit, we cannot, in the absence of a specific statutory or regulatory mandate, impose such an obligation on employers.

## Conclusion

For the foregoing reasons, we reverse the trial court's order and remand the case. Costs on appeal are taxed to Employee.

6



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
# WORKERS' COMPENSATION APPEALS BOARD

| | | |
|---|---|---|
| Bibiane Francoeur | ) | Docket No. 2024-10-1841 |
| | ) | |
| v. | ) | State File No. 2194-2024 |
| | ) | |
| Amerimed Medical Solutions, LLC, et al. | ) | |
| | ) | |
| | ) | |
| Appeal from the Court of Workers' | ) | Heard October 1, 2024 |
| Compensation Claims | ) | in Knoxville |
| Audrey A. Headrick, Judge | ) | |

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the Appeals Board's decision in the referenced case was sent to the following recipients by the following methods of service on this the 21st day of October, 2024.

| Name | Certified Mail | First Class Mail | Via Fax | Via Email | Sent to: |
|---|---|---|---|---|---|
| Richard R. Clark, Jr. | | | | X | rclark@eraclides.com ewhite@eraclides.com |
| Peter Frech | | | | X | pfrech@forthepeople.com mcassidy@forthepeople.com lyates@forthepeople.com |
| Audrey A. Headrick, Judge | | | | X | Via Electronic Mail |
| Kenneth M. Switzer, Chief Judge | | | | X | Via Electronic Mail |
| Penny Shrum, Clerk, Court of Workers' Compensation Claims | | | | X | penny.patterson-shrum@tn.gov |

Olivia Yearwood
Clerk, Workers' Compensation Appeals Board
220 French Landing Dr., Ste. 1-B
Nashville, TN 37243
Telephone: 615-253-1606
Electronic Mail: WCAppeals.Clerk@tn.gov